THE STATE OF CONNECTICUT vs. THEODORE GOETZ.

Third Judicial District, New Haven, June Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

Evidence that a chauffeur who is charged with manslaughter had theretofore borne a reputation for being a skilful, careful driver, does not tend to prove that the speed of about twenty miles an hour—at which he admittedly continued to run his car at the time of the homicide and after he had seen the decedent—was not grossly negligent, and is therefore inadmissible for that purpose.

One who drives his automobile in a public street at such speed and with such a reckless disregard for the safety of others as to cause death, is not only liable in damages but is guilty also of a criminal homicide.

The charge of the court in the present case reviewed and *held* not to afford the accused any ground of complaint.

Submitted on briefs June 7th—decided July 12th, 1910.

INFORMATION for manslaughter, brought to the Superior Court in Fairfield County and tried to the jury before *Williams, J.;* verdict and judgment of guilty, and appeal by the accused. *No error.*

*Nichols C. Downs* and *William H. Comley, Jr.,* for the appellant (the accused).

*Stiles Judson,* State's Attorney, for the appellee (the State).

HALL, C. J. The information charges the defendant

with manslaughter in having wilfully and feloniously assaulted and killed one Sarah Howe, at Stamford, on the 9th day of January, 1909, by running over her with an automobile, to which he pleaded not guilty.

The State claimed to have proved these facts: At about seven o'clock in the evening of the day alleged, the deceased, her daughter and another person were standing at a place lighted by a street lamp upon a crosswalk on the north side of the trolley-track on Main Street, which runs east and west in the city of Stamford, waiting for a westerly bound trolley-car. The accused, who is a chauffeur, was upon a pleasure trip in company with another person, and was driving or coasting an automobile at a reckless and dangerous rate of speed down a hill on Main Street, on the north side of said street, and going in a westerly direction. He saw the deceased and the persons with her, and believed they were waiting for the westerly bound trolley-car which he had just passed; and in order to pass them he, without reducing his speed, turned his automobile southerly and upon the trolley-track, when the decedent and her daughter, alarmed and confused by the rapidly approaching car, and its glaring headlights, endeavored to cross the tracks to the south. The accused, observing this movement of the deceased and her daughter, turned his car sharply to the left, endeavoring, as he said, "to beat them out," when his car skidded along the track, and turned about and overturned, striking the deceased and her daughter and throwing the deceased forward some forty feet, and causing her death.

The accused claimed to have proved that he was running down the hill from eighteen to twenty miles an hour; that he turned his car to the left when he observed the deceased and those with her, because it was apparent that there was not sufficient room between them and the gutter to enable him to pass on the right;

that Mrs. Howe and her daughter suddenly ran toward
the south when the automobile was within ten feet of
the crosswalk, and that he thereupon turned sharply
to the south and applied the emergency brake; that he
exercised his best judgment in attempting to avoid
hitting them, and that the course which he pursued
was the most prudent one which he could have taken
under the circumstances.

Upon the trial the defendant's counsel asked of sev-
eral witnesses called by defendant, what the character
and reputation of the accused was as an automobile
driver, and whether he was a careful driver. These
questions were excluded upon the State's objection, but
these witnesses were permitted to testify to the general
good character, reputation, and habits of the accused.
The exclusion of these inquiries are among the reasons
of appeal.

It is apparent from the language of the charge that
the accused was permitted to testify to his experience
and ability as a chauffeur, and that the State offered no
evidence upon these subjects. But evidence of his rep-
utation as a skilful chauffeur, or that he was considered
to be a careful driver by those who had ridden with
him, was inadmissible. Confessedly the accused was
driving or running down the hill at some twenty miles
an hour. Apparently he did not attempt to slacken
his speed when he first saw the deceased upon the cross-
walk on the same side of the trolley-track upon which
he was driving, nor until he was within ten feet of the
crosswalk and the accused had suddenly run toward
the south and upon the track. Apparently his principal
claim was that it was the negligence of the deceased
and not his own which caused the accident. Clearly,
his car was going so rapidly when he was within ten
feet of the crosswalk that he could not stop it quickly
enough to prevent running upon the people whom he

had seen on the crosswalk when he was at a distance of about two hundred and fifty feet from them. That the accused had theretofore had the reputation of being a careful driver, and had been so regarded by those who had ridden with him, did not tend to prove that he was not guilty of gross negligence in continuing to drive his car at the speed at which he did after he first saw the deceased on the crosswalk, nor excuse such action. *Morris* v. *East Haven*, 41 Conn. 252; *Bassett* v. *Shares*, 63 id. 39, 46, 27 Atl. 421; *Laufer* v. *Bridgeport Traction Co.*, 68 Conn. 475, 37 Atl. 379; *Budd* v. *Meriden Electric R. Co.*, 69 Conn. 272, 37 Atl. 683.

The accused complains of the following language of the court in its charge to the jury: "Unlawfulness is, of course, an essential element of all manslaughter. Where one assaults or attacks another without intending to kill, and causes the other's death, the killing, though unintentional, is unlawful, because of the unlawful act which produced it. The same would be true even if the act which produced the death was not consciously directed against him or her whose death resulted, if the act was in itself unlawful. So it is a general principle that one who without intention to take life causes the death of another by his own unlawful act, is criminally responsible for the killing. It is a sufficiently accurate statement for any purpose of yours to say that when one causes the death of another without an intention to take life, and while engaged in doing some act in itself unlawful, the killing will be manslaughter. . . . At the time in question it was unlawful for any person to operate a motor vehicle in any public highway of this State recklessly or at a rate of speed greater than was reasonable and proper having regard to the width, traffic and use of such highway, or to operate such motor vehicle so as to endanger the life or limb of any person."

This is but a small part of the charge given. The court clearly instructed the jury that the case of the State rested upon the claim "that the defendant, at the time and place in question, in the operation of a motor vehicle, an automobile, was guilty of criminal negligence which caused or resulted in the death of Sarah Howe. You will observe," said the court, "the expression 'criminal negligence,' which is recklessness of conduct, gross or wanton carelessness or negligence. . . . Gross negligence imports a thoughtless disregard of consequences. . . . Wantonness in respect to human conduct is doing a thing recklessly, without regard to property or the rights of others." The court further said to the jury: "Do all the circumstances establish beyond a reasonable doubt a degree of carelessness amounting in itself to a culpable disregard of the rights and safety of others? If they do, they establish criminal negligence. If they do not, the homicide with which you are dealing is one that the law excuses as a misadventure. . . . Now, your ultimate inquiry will be, was the defendant criminally negligent, and, if so, did his criminal negligence cause the death of Mrs. Sarah Howe? If you are not satisfied beyond a reasonable doubt that the defendant at the time and place in question was criminally negligent in his conduct in the management of his auto car, and also that such negligence caused the death of Mrs. Howe, as charged, you should acquit him."

The accused has no occasion to complain of the charge. It clearly required the jury, in order to convict, to find beyond a reasonable doubt that the accused, with reckless disregard for the safety of others, so negligently drove an automobile in a public street as to cause the death of Mrs. Howe. One who does such an act is not only liable civilly in damages (*Irwin* v. *Judge*, 81 Conn. 492, 501, 71 Atl. 572), but is guilty of criminal

homicide. *State* v. *Campbell*, 82 Conn. 671, 677, 74 Atl. 927.

There is no error.

In this opinion the other judges concurred.