JOHN WRIGHT v. THE STATE.

No. 6520. Decided December 14, 1921.

1.—Aggravated Assault—Motor Vehicle—Gross Negligence—Charge of Court —Requested Charge.

Where, upon trial of aggravated assault, by driving a motor vehicle wilfully and with gross negligence and injuring another person thereby, the court charged the jury verbally and then read two sections of the statute which had no application to the facts of the case, over proper objections of the defendant, and did not charge the law of gross negligence properly, the same was reversible error, and no requested charge could have corrected the error.

2.—Same—Gross Negligence—Definition.

Gross negligence, under the facts of the instant case, would be such negligence as evidences a reckless disregard of human life, etc. Following Southern Cotton Press Co. v. Bradley, 52 Texas, 587.

Appeal from the County Court at Law No. 2 of Harris County. Tried below before the Honorable Roy F. Campbell.

Appeal from a conviction of aggravated assault; penalty, a fine of $300.

The opinion states the case.

· *A. T. Carleton,* for appellant.—On question of charge of court: Whitcomb v. State, 30 Texas Crim. App., 269; Novy v. State, 62 Texas Crim. Rep., 496; Bowman v. State, 164 S. W. Rep., 846.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court at Law of Harris County of the offense of aggravated assault, it appearing from the record that the prosecution was had under subdivision 35, Chapter 207, Acts of the Regular Session of the Thirty-fifth Legislature, which makes it an aggravated assault for one to drive a motor vehicle of any kind wilfully and with gross negligence against any person causing injury. The punishment affixed was a fine of $300.

The charge of the trial court was verbal, but he read to the jury as a part of said charge, two sections of the automobile law embraced in the chapter above mentioned, which sections are as follows:

"Every person operating or driving a motor or other vehicle on the public highway of this State, shall drive the same in a careful and prudent manner and at a rate of speed not greater than is reasonable and proper, and having regard to the traffic use of the highway.

"No person shall operate or drive a motor or other vehicle on the public highways of this State, at a greater rate of speed than ten miles per hour in the business district of cities of more than forty thousand population."

The reading of said sections of the law to the jury was properly excepted to. The ordinary rule in misdemeanor cases is that an exception to the charge as given, is not enough but that a special charge correctly presenting the matter so excepted to, must also be presented and refused in order to make available a complaint leveled at the charge. This rule does not seem to us applicable in such case as the one under consideration. No special charge could have corrected the error, if any, resulting from reading such portions of the law to the jury as a part of the charge. We, therefore, consider the matter of error as sufficiently before us. What issue in the case was elucidated by reading such sections to the jury? The effect of such reading was to convey to the minds of the jurors that a man who drove his car on a street in the business section of Houston at a rate of speed greater than ten miles per hour, violated the law; also that a man who drove his car on such street in a manner not prudent and careful and at a rate of speed not reasonable and proper,—violated the law. Appellant was not charged with violating either of said sections of the statute, but with driving his car against another with gross negligence. Unless said sections so read contained something which in some way aided the jury in the solution of the question involved, they were either harmful or of no value whatever. If only the latter, it might be *damnum absque injuria.* But it seems to us strongly probable that reading such sections to the jury was harmful. The court verbally instructed them, among other things, what was gross negligence, and then turning to a law-book he read to them therefrom that no person shall operate or drive a motor or other vehicle on the public highways of. this State in

any other manner than a careful and prudent manner, or at any rate of speed other than a reasonable and proper rate, and that he must not so drive such vehicle in the business section of cities of more than forty thousand population at a greater rate of speed than ten miles per hour. The jury retired to consider the matter; they are laymen, they know they must receive the law from the court, he has read it to them. In our opinion a fair inference from such a situation as outlined would be that the jury would conclude appellant guilty of gross negligence if there be evidence showing him to have driven faster than ten miles per hour, or in a manner deemed by them to be imprudent, careless or improper. The representative of the company which sold to appellant the truck driven by him, said it was equipped with a governor, a device which so regulated the flow of the gasoline as that the car could not go over thirteen miles per hour. Appellant testified that he was in the act of turning a corner and was only going five or six miles per hour. The injured party hazarded no statement as to the rate of speed of the truck, but said she saw it coming about a half block away and that it did not seem to her that appellant was speeding or driving in a reckless and careless manner. Another witness testified for the State who made no statement as to the rate of speed the truck was being driven. A Mr. Wolf testified that he was in another car going at right angles to that driven by appellant, and that he saw him give no signal with his hand and heard no signal with the horn, and that appellant was going about twenty miles per hour. From the evidence the jury might have concluded that appellant was not driving in a careful and prudent manner, and not at a proper rate of speed, and more than ten miles per hour, and yet none of these things *per se* amount to gross negligence. So believing, and the law having been read to them as forbidding the matters mentioned, the jury may easily have become confused over the issue as to what was necessary to constitute guilt on the part of appellant and have thus been led to base their verdict upon the proposition that appellant was going over ten miles an hour, or not driving in a careful and prudent manner. It is a fairly well known rule that if one, by an act which is a violation of law, injures another, he is guilty *per se* of actionable negligence; but it cannot be said as a matter of law or fact, that one who drives a vehicle at a greater rate of speed than ten miles per hour, or in a manner not prudent or careful, is *ipso facto* guilty of gross negligence. Gross negligence is not an expression of frequent use in criminal procedure, and standing alone perhaps lacks that clearness of definition and exactness of application which ought properly to characterize terms used in defining an act intended to be made penal. In civil cases the courts of this State define it as such negligence as evinces a reckless disregard of human life or bodily injury, or such conscious indifference to the rights of others as amounts to an intentional violation of them. Southern Cotton Press Co. v. Bradly, 52 Texas 587; Mo. P. Ry. Co. v. Shuford, 72 Texas, 165. We

think the first definition just given not inapt, in the solution of a charge such as the one under consideration.

We are of opinion that the trial court should not have read to the jury said sections of the automobile law complained of, but should have submitted the issue involved free from such confusing accompaniment. So believing the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*