(134 So. 892)

## OLIVER v. STATE.

### 8 Div. 82.

Court of Appeals of Alabama.
March 3, 1931.

Rehearing Denied May 5, 1931.

J. Foy Guin, of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, J.

The indictment appeared on its face to have been typewritten, with the words "him" and "an" interpolated with pen and ink. Without these two words the indictment was faulty, with them the indictment was complete and in form. Defendant objected to being put to trial on the ground that it had been altered or changed. Evidence was taken by the court on this objection, which evidence beyond question proved that the change had been made by authority of the solicitor before indorsement by the foreman and presentation to the court. The court did not err in overruling the objection.

There were inculpatory statements of defendant testified to by two witnesses over the objection of the defendant. It is earnestly insisted that at the time this evidence was admitted there had been no sufficient proof of the corpus delicti. Witnesses had testified to facts tending to prove that defendant intentionally ran his automobile against deceased, and there were facts testified to by Dr. Glasgow and others from which inferences could be drawn that deceased came to his death as a result of that act. This was sufficient evidence of the corpus delicti to admit evidence of confessions or inculpatory statements. There was evidence for the state which, if believed beyond a reasonable doubt, would have sustained a conviction for manslaughter in the first degree. There was evidence for defendant that the act of driving the automobile against the deceased was accidental. There was also evidence tending to prove that the

294

defendant at the time of striking the deceased was driving his automobile along the public highway, while intoxicated or drunk. This, under section 1397 (50), Code 1928 (Michie's Code), is a crime. If the defendant while intoxicated or drunk was driving his automobile along the public highway and in so doing ran against deceased, and as a result thereof death ensued, the defendant would be guilty of manslaughter in the second degree. If the driving of the automobile against deceased, from which death resulted, was intentional, it would be manslaughter in the first degree, and might, if the jury should infer malice, be murder. The verdict was responsive to one phase of the evidence. 8 Enc. Digest 173, par. 31.

■■ The trial court committed error in refusing to allow defendant to prove the general bad character of the state's witness, Callie Jenkins. Some time later in the trial the court recognized this ruling as being error, so stated, and sent a bailiff to call Romine, the witness offered by defendant to prove the character of Callie Jenkins. Romine had left the court and was not immediately available as a witness, whereupon defendant's counsel announced: "I have other witnesses who will testify as to her reputation." Afterwards defendant offered witnesses on this point, who testified to the character of Callie Jenkins and without objection. This cured the error made by the court, and the statement made by defendant's counsel was a waiver of his right to have the presence of the witness Romine in the court.

■■ The defendant undertook to prove by police officer that state's witnesses Jenkins and Lindsay were by reputation prostitutes. By a notorious want of chastity a woman, or man either for that matter, will certainly obtain a bad character, and her general reputation, if she has acquired any, may be given in evidence to impeach her, but the particular and independent fact that she is a prostitute or the keeper of a house of prostitution cannot be given in evidence or inquired into except on cross-examination. Holland v. Barnes, 53 Ala. 83, 25 Am. Rep. 595; 12 Enc. Digest 1261, par. 253 (1). The rulings of the court on this question were free from error.

Refused charges 5, 6, 7, 8, 12, and 13 singled out parts of the evidence upon which to base a verdict and were therefore invasive of the province of the jury.

■ Counsel has referred in brief to abnormal conditions under which this case was tried. We find no evidences of this in the record, by which we are bound.

There is no error in the record, and the judgment is affirmed.

Affirmed.