30901. TRIPPE *v.* THE STATE.

DECIDED OCTOBER 6, 1945. REHEARING DENIED DECEMBER 12, 1945.

*A. N. Durden, Leonard Farkas, Walter H. Burt,* for plaintiff in error.

*M. E. O'Neal, solicitor-general, pro tem.,* contra.

MacIntyre, J. The defendant was convicted of involuntary manslaughter in the commission of an unlawful act. His motion for a new trial was overruled, and he excepted.

The defendant was driving his automobile along a public street and highway in the City of Albany, Georgia. At a point indicated in the testimony, he ran over and killed the deceased. Both the defendant and the deceased were going north, and both were on the right-hand side of said street. The defendant was driving his car at a speed of about 30 miles per hour. The deceased, a small boy, was riding a bicycle north along the said street, and the defendant, approaching from the rear, ran into and over the boy, killing him. The State's testimony tended to prove that the boy was in plain view of the defendant as he approached the boy from the rear, and there was evidence for the State which authorized a finding that the defendant was in an intoxicated or drunken condition at the time of the occurrence. The defendant denied that he was drunk and that the boy was in plain view. The evidence for the defendant tended to prove that the accident was unavoidable and that there was no culpability. The jury, however, did not accept this theory, and found the defendant guilty.

■ The Code, § 68-307, provides that "No person shall operate a motor vehicle or motorcycle upon any public street or highway, . . . while under the influence of intoxicating liquors or drugs." A violation of this statute is a misdemeanor. The evidence authorized the jury to find that the defendant intentionally violated the penal automobile statute designed for the protection of human life and limb, by driving an automobile on a public street or highway in a drunken or intoxicated condition. Such an act is criminal negligence. Under the evidence in this case, were the jury authorized to find that this criminal negligence was the proximate cause of the injury and death of the deceased? We think so.

For one to drive on the public streets of a city in a drunken or intoxicated condition (being a violation of such penal statute), is a reckless disregard of consequences or a heedless indifference to the rights and safety of others, and driving under such circumstances is an act from which the injury or death to others might

be reasonably anticipated, and, if injury or death proximately ensues, there would be criminal responsibility. *Cain* v. *State*, 55 *Ga. App.* 376 (3) (190 S. E. 371); *Jones* v. *State*, 185 *Ga.* 68, 73 (194 S. E. 216). While the evidence in this case shows that the defendant was driving his automobile at a legal rate of 30 miles per hour, and on the right-hand side of the street, it was for the jury to say, from the attendant facts and circumstances, whether the defendant was under the influence of intoxicating liquors, and whether, if he had been sober, he would not have hit and killed the deceased, or whether his intoxicated condition made him so indifferent to the rights and safety of others that he acted as if they did not exist, and by reason of his intoxicated condition he ran over and killed the deceased (*Collins* v. *State*, 66 *Ga. App.* 329, 18 S. E. 2d, 24; *Herrington* v. *State*, 31 *Ga. App.* 167, 120 S. E. 554)—in short, whether the injury would have been inflicted but for his drunkenness (statutory criminal negligence). *Flannigan* v. *State*, 136 *Ga.* 133 (70 S. E. 1107); Broxton *v.* State, 27 Ala. App. 298 (171 So. 390); McMurry *v.* State, 28 Ala. App. 253 (184 So. 42); Oliver *v.* State, 24 Ala. App. 292 (134 So. 892).

The evidence authorized the jury to find that the defendant was drunk, and that, from all the facts and circumstances surrounding the homicide, the defendant's intoxicated condition was the proximate cause of the death, and that but for his drunkenness the injury would not have been inflicted. Hence the verdict of involuntary manslaughter in the commission of an unlawful act was authorized.

■ Where, as here, certain requests to charge merely embodied abstract principles of law, and the charge as given, relating to those abstract principles of law, embodied correct abstract principles and substantially covered such requests, and where such of the specific requests to charge as were correct were given as specifically and as correctly as were such requests, and were clearer, less confusing, and fairer to the State and the defendant than the requests, the refusal to charge such requests was not reversible error, for "the court is not bound to charge in the exact language of a request; and a new trial will not be granted because of a refusal to charge as requested, when the charge given substantially covers the request." *Southern Railway Co.* v. *Reynolds*, supra. See also *Werk*

v. *Big Bunker Hill Mining Corp.*, 193 *Ga.* 217, 239 (17 S. E. 2d, 825) ; *Brown* v. *State*, 195 *Ga.* 430 (24 S. E. 2d, 312). Thus none of the exceptions to the charge show reversible error.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*