31114. THOMAS *v.* THE STATE.

DECIDED MAY 7, 1946.

*R. I. Stephens,* for plaintiff in error.

*W. W. Larsen, solicitor-general, Lester F. Watson,* contra.

MacIntyre, J. ■ The ruling announced does not require any elaboration.

■ The Code, § 68-303 (c), provides: "An operator meeting another vehicle coming from the opposite direction on the same highway shall turn to the right of the center on the highway, so as to pass without interference." The Code, § 68-303 (e), provides: "An operator in rounding curves shall reduce speed and shall keep his vehicle as far to the right on the highway as reasonably possible." Section 68-9908 provides: "Any person violating the provisions of chapters 68-1 to 68-4, relating to licenses, registration, and operation of motor vehicles, shall be deemed guilty of a misdemeanor." In misdemeanors there are no degrees; there are no principals in the second degree, or accessories; but all who participate in misdemeanor offenses are principals and may be charged as such. *Thrasher* v. *State,* 68 *Ga. App.* 820 (24 S. E. 2d, 222).

In determining whether there was criminal negligence, and if so, who was guilty thereof, the jury could have considered the type of the road in question; that the defendant had rounded a curve only 500 feet from the scene of the collision; the speed at which his automobile was traveling; the character of the surface of the road; that the defendant's automobile, with ample room to pass on its right-hand side of the road, crossed to its left side of

the road, struck the deceased's automobile, which was on the right-hand side of the road in the direction in which the latter was traveling; other attendant facts and circumstances as they appeared from the evidence in connection with the collision; that the two boys, Franklin and Smith, were the only occupants of the defendant's automobile other than the defendant at the time of the collision; that about the time of or shortly before the collision, the defendant was driving the cut-down truck in question (his automobile) about 1¾ miles from and in the direction of the place where the collision occurred; that the circumstances at the time of the collision tended to show that the defendant was carrying in his automobile such a large amount of illegal liquor that he likely had a desire so intently fixed upon completing his journey and delivering the liquor to its destination that it made him so indifferent to the rights and safety of others that he acted as if they did not exist; and the jury could have found that the defendant was guilty of criminal negligence. *Cain* v. *State,* 55 *Ga. App.* 376 (190 S. E. 371); *Collins* v. *State,* 66 *Ga. App.* 325 (18 S. E. 2d, 24).

The testimony made out a prima facie case for the State. The defendant introduced no evidence and relied upon his unsworn statement to the jury. Under the law of this State the jury may disregard the unsworn statement of the accused entirely, if they see fit to do so. *Merritt* v. *State,* 152 *Ga.* 405 (2) (110 S. E. 160). Thus the jury were authorized to find that the defendant was guilty, not because he was owner of the automobile, but because he participated in the driving of his automobile, not merely in such a negligent manner as might be the foundation of a damage suit, but in a reckless disregard of consequences and utter disregard of the safety of others who might be reasonably expected to be injured thereby. *Trippe* v. *State,* 73 *Ga. App.* 522 (36 S. E. 2d, 121); State v. Richardson, 216 Iowa 809 (249 N. W. 211); Commonwealth v. Sherman, 191 Mass. 439 (78 N. E. 98); *Moreland* v. *State,* 164 *Ga.* 467, 468 (139 S. E. 77). The evidence authorized the verdict of involuntary manslaughter in the commission of an unlawful act.

■ The judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*