## 31301. TYREE v. THE STATE.

DECIDED SEPTEMBER 12, 1946.

*James H. Dodgen,* for plaintiff in error.

*E. E. Andrews, Solicitor-General, Durwood T. Pye, J. R. Parham,* contra.

MacINTYRE, J. ▪ C. S. Tyree, was convicted under an indictment which charged him with larceny after trust of an automobile. He moved for a continuance on account of the absence of a witness, who was in the United States Army. He had continued the case once before on account of the absence of this witness. In the instant case the accusation alleged that the defendant was guilty of larceny after trust by converting to his own use the automobile of the prosecutor, about 10 or 11 o'clock in the morning, in Atlanta. The defendant proposed to prove by the absent witness that he got off a bus in Macon sometime around 8:30 p. m. of the same day. The assistant solicitor-general stated: "I will admit that, if this witness was here, he would testify to that. I will not admit that it is the truth." The court was authorized to find that: (a) The defendant had not exercised due diligence in notifying the witness to appear for the trial, in that the witness had been subpœnaed to appear on a prior date, then was notified by the defendant's counsel not to appear on that date, as the case would not be then tried; and the case later coming on for trial, the witness was not personally notified of the trial, the defendant only informing the witness's wife, who had told the defendant that the witness was in South Carolina.. The court had already granted one continuance for absence of this witness. (b) There was no showing that the motion was not made for delay. Under these circumstances, it can not be said that the overruling of the continuance was error, such matters being for the determination of the trial judge in the exercise of his discretion, which will not be

controlled unless manifestly abused. Code, §§ 81-1410, 81-1419; *Sutton* v. *State,* 70 *Ga. App.* 499 (28 S. E. 2d, 663) ; *Roth* v. *State,* 70 *Ga. App.* 93 (27 S. E. 2d, 473) ; *Moulton* v. *State,* 18 *Ga. App.* 285 (89 S. E. 341) ; *Barlow* v. *State,* 24 *Ga. App.* 122 (99 S. E. 798).

■ The defendant requested the court in writing to charge: "Gentlemen of the jury: Before you would be authorized to convict this man under the charge of larceny after trust, you would have to find that there had been a conversion. The State would have to show that this defendant converted the automobile in question to his own use." The court instructed the jury that the indictment charged the accused with the offense of larceny after trust, "in that, having been entrusted by Joe C. Starr with one Ford V-8 sedan automobile of the value of $250 and the property of the said Joe C. Starr, owner and person so entrusting the same, did after having been so entrusted, wrongfully, fraudulently, and feloniously convert the said automobile to his the accused's own use. . . The offense charged here is larceny after trust, and the law says [the court then charged the jury in the very language of the Code, § 26-2809] : Any person who has been entrusted by another with any money, note, bill of exchange, bond, check, draft, order for payment of money, cotton or other produce, or any other article or thing of value, for the purpose of applying the same for the use or benefit of the owner or person delivering it, who shall fraudulently convert the same to his own use, shall be punished by imprisonment and labor in the penitentiary for not less than one year nor more than five years;" and in effect charged that, if the jury believed from the evidence beyond a reasonable doubt that the defendant was guilty of larceny after trust as charged, they would be authorized to find the defendant guilty; or, if they had any reasonable doubt of his guilt, they should acquit him. The court was not bound to charge in the exact language of the request, and a new trial will not be granted for refusing to charge as requested, because the charge given substantially covers the request, and the request was not more specific in its application than the charge as given. *Brown* v. *State,* 195 *Ga.* 430 (24 S. E. 2d, 312).

■ The evidence authorized the jury to find the defendant guilty of larceny after trust.

*Judgment affirmed.   Broyles, C. J., and Gardner, J., concur.*