33626, 33654.   NEESE *v.* MILWAUKEE MECHANICS'
INSURANCE CO.; and *vice versa.*

Decided July 13, 1951.   Rehearing denied July 25, 1951.

*Jess H. Watson,* for plaintiff.

*W. Neal Baird, Neely, Marshall & Greene,* for defendant.

Sutton, C. J.   Mrs. Frank L. Neese filed suit against the Milwaukee Mechanics' Insurance Company on a policy of automobile-collision insurance and in her petition made substantially the following allegations:   A contract of insurance was written by Max Korman & Company as agent for the Milwaukee Mechanics' Insurance Company on November 1, 1948, to one John P. Huckabee, and the plaintiff was named as loss payee of said policy, a copy of said policy being attached to the petition.   The defendant issued said contract of insurance for an annual premium of $31, and said policy was in force at the time of the loss to the plaintiff, which was incurred when the automobile, in which the plaintiff had a valuable interest, was damaged as the result of a collision with another automobile. The plaintiff thereby incurred a loss of $250 over and above the $100 deductible according to the terms of the policy.   The plaintiff duly notified the defendants' agent, Max Korman & Company, and furnished an estimate of the cost of repair as requested by the defendant's agent.   The defendant disregarded its duties to the plaintiff by refusing to pay the loss as provided in the contract of insurance and still refuses to pay the loss incurred by the plaintiff.   Demand has been made upon the defendant more than two months prior to the filing of the suit by notifying Max Korman & Company and the defendant's legal representative.   The defendant refused to pay the loss set out

within sixty days after demand was made for such payment; such refusal was in bad faith, the defendant having no reason to delay payment and the plaintiff having complied with all the terms of said policy. The plaintiff is entitled to recover of the defendant, in addition to the loss hereinbefore set out, 25% of the liability of said company for such loss and in addition thereto reasonable attorney's fees of $200 for the prosecution of this case against the defendant because the failure of the defendant to pay the loss as alleged was malicious and intended to force the plaintiff into unnecessary litigation.

Certain material provisions of the policy attached to the petition as to proof of loss, etc., are as follows: "11. Named Insured's Duties When Loss Occurs. . . . When loss occurs, the Named Insured shall . . (c) file proof of loss with the Company within sixty days after the occurrence of loss, unless such time is extended in writing by the Company, in the form of a sworn statement of the Named Insured setting forth the interest of the Named Insured and of all others in the property affected, any encumbrances thereon, the actual cash value thereof at the time of loss, [etc.] . .

"14. Payment for Loss; Action Against Company. . . Payment for loss may not be required nor shall action lie against the Company unless, as a condition precedent thereto, the Named Insured shall have fully complied with all the terms of this policy nor until 30 days after proof of loss is filed and the amount of loss is determined as provided in this policy."

The defendant demurred to the petition, and excepted pendente lite to the overruling of certain of these demurrers. The plaintiff amended to show her interest in the automobile in question, alleging that she held a purchase-money title-retention contract on the automobile and had an interest in the automobile in the amount of $350.

It appeared from the evidence that the plaintiff had sold a 1938 Chevrolet automobile to John Huckabee, taking a retention-title contract for the balance of the purchase-money, $350. Huckabee insured the automobile with the defendant company, naming the plaintiff as loss payee to protect her interest in the event of loss by collision until the balance of the purchase-money was paid. A policy of insurance was issued by the de-

fendant on November 1, 1948, the original of which was mailed to the plaintiff, and a certificate of insurance was mailed to Huckabee. About three weeks later, Huckabee had a collision in which his automobile was damaged in the amount of the plaintiff's claim. Huckabee shortly thereafter left town and the plaintiff has not heard from him. The plaintiff repossessed the automobile and brought it to her home. The night following the day of the accident, the plaintiff called W. J. Milam, the insurance agent who wrote the policy, on the telephone, and notified him of the loss. Milam told her that it would be necessary to get an estimate of the damage and that he would send an automobile mechanic to appraise the damage. A few days thereafter, a mechanic made an estimate of the damage which was furnished to Milam, who in turn reported it to Mrs. Holland, an employee of Max Korman & Company. Max Korman & Company was an agent of the defendant, having the duties of counter-signing policies of insurance and mailing claims of loss to the defendant's home office. The plaintiff talked over the telephone to others in the office of Max Korman & Company concerning the damage to the automobile, but she did not recall when nor to whom she talked. The plaintiff, after being notified, paid the balance due on the insurance premium sometime in March, 1949, which was almost 3½ months after the automobile was damaged in the collision. Milam testified that he devoted his full time to the Max Korman Insurance Agency, that he maintained a desk in and received telephone calls at their office, that he had been associated with that office exclusively for about two years, and that after being notified by Mrs. Neese that the automobile had been wrecked he ascertained the amount of the damage by sending an automobile mechanic to examine it and reported the damage to Mrs. Holland, who said that she reported it to the home office of the insurance company. Mrs. Holland (Mrs. Stubbs at the time of the trial) was the only witness for the defendant, and she testified that she did not recall having received any notice of the plaintiff's loss from Milam, but was notified of it by the plaintiff in a telephone conversation several months after the collision occurred.

At the close of the evidence, the defendant moved for a directed verdict, and the trial judge granted the motion. The

plaintiff then moved for a new trial and excepted to the judgment overruling her motion.

1. It is asserted in the special ground of the motion for a new trial that the court erred in directing a verdict for the defendant because (a) the evidence showed that the plaintiff had duly notified the defendant of the loss and had made her claim with the agents of the defendant, (b) the defendant's demurrers had been overruled, establishing the law of the case as to the plaintiff's right of action, and (c) the evidence raised an issue of fact which should have been determined by the jury. In the brief of the plaintiff in error, the contention is made for the first time that the evidence raised a question of implied waiver of compliance with the terms of the policy as to proof of loss, and a question as to whether the defendant was estopped to defend on the ground of non-compliance with these terms, which terms were a condition precedent to recovery on the policy, and that both of said questions should have been submitted to the jury.

Assuming but not deciding, that the evidence did raise a question of waiver or estoppel in the respects contended, nevertheless, a waiver of performance of a condition precedent to recovery on a policy of insurance, or an estoppel to insist on such compliance, must be pleaded as well as proved. *Fidelity &c. Co.* v. *Gate City Nat. Bank,* 97 *Ga.* 634 (25 S. E. 392, 33 L.R.A. 821, 54 Am. St. R. 440); *McLeod* v. *Travelers Ins. Co.,* 8 *Ga. App.* 765 (70 S. E. 157); *Bank of Ball Ground* v. *National Surety Co.,* 23 *Ga. App.* 187 (97 S. E. 892); *New Zealand Fire Ins. Co.* v. *Brewer,* 29 *Ga. App.* 773 (8) (116 S. E. 922); *Security Ins. Co.* v. *Jackson,* 43 *Ga. App.* 13 (158 S. E. 457); *Fidelity-Phenix Fire Ins. Co.* v. *Berry,* 79 *Ga. App.* 179 (53 S. E. 2d, 126). The petition alleged that the plaintiff duly notified the defendant's agent and complied with said agent's request for an estimate of the cost of repair, and it further alleged that the plaintiff had complied with all the terms of the policy. But there was no evidence that the plaintiff had complied with the terms of the policy requiring her or the named insured to file proof of loss with the company within sixty days after the occurrence of loss as a condition precedent to the action against the company. Thus, the plaintiff failed to prove her case as

laid, and the trial judge did not err in directing a verdict for the defendant for any reason assigned.

Accordingly, the court did not err in overruling the plaintiff's motion for a new trial; and this ruling makes it unnecessary to rule on the cross-bill of exceptions, assigning error on the overruling of the demurrers to the petition.

*Judgment affirmed on the main bill of exceptions, cross-bill dismissed. Felton and Worrill, JJ., concur.*