34931.   GEORGE WASHINGTON LIFE INSURANCE
COMPANY *v.* SMITH *et al.*

460

DECIDED APRIL 21, 1954—REHEARING DENIED JULY 27, 1954.

*Harris, Russell, Weaver & Watkins,* for plaintiff in error.

*E. W. Maynard, H. T. O'Neal, Jr., Walter Smith,* contra.

QUILLIAN, J. ■ The first special ground of the motion excepts to the following portion of the charge to the jury: "If an agent of the insurer, after obtaining from an applicant for insurance a correct and truthful answer to interrogatories contained in the application for insurance, without knowledge of the applicant, fills in false answers, either fraudulently or otherwise, the insurer cannot assert the falsity of such answers as a defense to liability on the policy. And this is true without regard to the subject matter of the answers or the nature of the agent's duties or limitations on his authority, if not brought to the attention of the applicant.

"If an application for insurance is drawn by an agent of the insurer, who fills in false answers to the interrogations contained therein which are truthfully answered by the insured, without fraud, collusion or actual knowledge of the insured, or the existence of circumstances from which constructive knowledge of such falsity might be imputed to him, the insurer cannot rely upon the falsity of such answers in seeking to avoid liability under the policy issued upon the application. The agent in making out the application acts for the insurer, and the insurer is therefore estopped to assert the mistake, if there was one."

It is contended that this charge was error because it was an incorrect statement of the law in that it did not state that the insertion in the application of false answers by the soliciting agent must be wilful and that the person to whom the policy is issued must be fraudulently misled and deceived by the actions of the soliciting agent; and further it was error because there was no evidence either direct or circumstantial that the defendant's agent inserted false answers in the application after such

answers had been truthfully answered by the insured; and because it left out the question of dual agency on the part of Mrs. DuLong, the soliciting agent who was the daughter of the plaintiff.

In connection with the first of these contentions the plaintiff in error argues that the portion of the charge excepted to was lifted almost verbatim from the case of *Stillson* v. *Prudential Ins. Co.*, 202 *Ga.* 79 (42 S. E. 2d 121), and that the doctrine expounded therein should not be extended or stretched to fit the facts in the instant case and that the facts of the two cases are materially different, the facts of the present case not being such as to authorize the application of the doctrine of the former case which was applied when the judge charged the jury as here complained of. This contention is without merit, insofar as the facts of this case are concerned. This is true because the evidence absolutely demanded a finding that if false answers were inserted in the application for the insurance by an agent of the defendant company such act of so inserting false answers was done knowingly and wilfully. The evidence showed without dispute that the soliciting agent for the insurance company was Mrs. DuLong, a daughter of the insured, Mrs. Smith, that Mrs. DuLong knew that her mother had had some kind of kidney ailment in 1938, but did not know its nature, that when the application was being filled out by Mrs. DuLong in Mrs. Smith's presence, Mrs. Smith in answering one of the questions alleged to have been falsely answered, called to her daughter's attention the fact that she had had "kidney trouble", and Mrs. DuLong decided not to insert the answer to that question until she had had a conference with Mr. Harry Ward, the district manager of the insurer. Both Mrs. DuLong and Mr. Ward testified to that conference and their testimony is not materially at variance. Both testified that when Ward was told that Mrs. Smith had had kidney trouble and sickness in connection with it "back in 1938", Ward said, in substance, "that was so long ago it doesn't make any difference, we will just answer that question 'No'." In view of such undisputed evidence, the jury could not have found that the insertion of the false answer in the application by the district manager was done in any manner except knowingly and wilfully, and while we do not hold that the charge here complained of

was erroneous in that it failed to instruct the jury that such acts must be done knowingly and wilfully, we do hold that even if such charge were erroneous for its failure to include the limitation that such acts must be wilfully and knowingly done, .it was harmless under the facts of this case, since the jury would have been bound to find that such acts, if committed at all, were done wilfully and knowingly.

The remaining contentions in connection with this ground of the motion depend on the further contention that Mrs. DuLong, because she was the daughter of Mrs. Smith, was the latter's agent in writing the answers in the application and not the insurance company's. The general rule is that where soliciting and forwarding applications for insurance policies is within the scope of an agent of an insurance company, such agent acts as the company's agent and not as the agent of the applicant in inserting false answers to questions in the application after the applicant has given such agent the true and correct answers (*Clubb* v. *American Accident Co.*, 97 *Ga.* 502 (1), 25 S. E. 333), and this rule is not changed by the fact that the soliciting agent for the insurance company happens to be related in some way to the applicant, as in this case, the daughter of the applicant.

This ground of the motion does not show error, and the trial court did not err in overruling the same.

■ Limitations upon the authority of an agent of the company, as contained in a policy of insurance are to be treated as referring to acts occurring subsequently to the issuance of the policy. *Johnson* v. *Aetna Ins. Co.*, 123 *Ga.* 404 (2) (51 S. E. 339, 107 Am. St. R. 92). Consequently, where the evidence shows that there was no limitation upon the agent's authority expressed in the application, and where the application was not attached to the policy and made a part thereof, the jury were authorized to find that Mrs. Smith had. no notice of any limitation on the agent's authority to waive conditions in the policy, and where the undisputed evidence further showed that she orally answered a material question respecting her previous medical history and health contained in the application truthfully and in the affirmative and stated that she had "kidney trouble" and that the agent filling out the application purposely left the question unanswered in order to confer with the district manager, and after such con-

ference inserted a false answer to the question by answering the same in the negative, the jury were further authorized to find, if they were not required to so find, that the applicant, and later insured, did not even know of the insertion of the false answer and therefore could not be charged with notice of any waiver of the conditions of the policy by one not authorized to do so. Such being the facts, the authority of the agent to waive the conditions of the policy was not in issue, and it was not error for the trial judge to charge as complained of in special ground two of the motion for new trial, as follows: "Gentlemen, notice to an agent taking the application, which is not made a part of the policy, is notice to the company, and thus the company is estopped from setting up that it was not notified of any condition the agent had notice of. Should you find the agent taking the application had—should you find the agent taking the application knew the existing true facts, whatever they were, such knowledge would be imputed to the company and constitutes a waiver of such conditions of the contract as are inconsistent with the known conditions.

"Should you find that the statement was material to the acceptance of the risk, that it was false, and that it was made with the intent to defraud, the plaintiff cannot recover. Still, should you find all these elements existing, and further find the agent, at the time of the taking of the application, was notified and knew the true facts, the plaintiff is entitled to recover because notice to the agent is notice to the defendant, and such knowledge would waive the contrary provisions of the policy, provided the plaintiff is not precluded under other rules of law given in this charge."

In the instant case, the evidence shows clearly and without dispute that the applicant-insured communicated all that she knew about her previous kidney trouble to the soliciting agent who in turn communicated such facts to the district manager. Presumably the latter's authority to act for the company was unlimited and certainly his knowledge of the true facts was imputable to the company, and the company, notwithstanding its knowledge of the true facts and of the falsity of the answers to the question, issued the policy. See *Johnson* v. *Aetna Ins. Co.*, supra; *John Hancock Mut. Life Ins. Co.* v. *Yates*, 50 *Ga. App.*

713 (179 S. E. 239) ; *Nat. Life &c. Ins. Co.* v. *Mullen,* 64 *Ga. App.* 24 (12 S. E. 2d 363).

The cases of *Reliance Life Ins. Co.* v. *Hightower,* 148 *Ga.* 843 (98 S. E. 469), and *Maddox* v. *Life & Casualty &c. Co.,* 79 *Ga. App.* 164 (53 S. E. 2d 235), relied on by the plaintiff are distinguishable on their facts from the instant case. In the first of these it appears that the decision was based on the fact that there was an express limitation on the authority of the agent contained in the application, and that a copy of the application signed by the insured was attached to and made a part of the policy. In the instant case there was no limitation on the authority of the agent contained in the application, and the application was not attached to or made a part of the policy. The ruling in the *Maddox* case likewise was based on the fact that the limitation on the agent's authority was expressed in the application. Neither of these cases is authority for anything contrary to the ruling here made.

■ Special ground 4 of the motion for a new trial complains of the refusal of the trial court to charge a proper and timely written request in the following language: "The liability of the insurer for attorney's fees and damages could not accrue until the lapse of sixty (60) days from the date of a demand made when there was a right to demand. In other words, the penalties provided for in section 56-706, Georgia Code, accrue by virtue of a demand and the demand must be made at a time when a demand for immediate payment is in order."

"In any court of record in this State a new trial may be granted when the presiding judge . . . refuse[s] to give a pertinent legal charge in the language requested, when the charge so requested shall be submitted in writing." Code (Ann. Supp.) § 70-207. In the instant case the plaintiff alleged a demand. The evidence as to a demand was sketchy and inconclusive. Briefly and simply outlined, under the provisions of the policy, the policy being in force, when a loss occurred there was first a duty on the insured to give the company notice of such loss within 60 days after the commencement of the disability from the sickness. The company then had to furnish to the insured forms upon which she could furnish proof of loss. If the company failed to furnish such forms, the insured could satisfy the

requirements of the policy respecting proof of loss by furnishing to the company "written proof covering the occurrence, character, and extent of the loss for which claim is made," within 90 days "after the date of the loss." The policy further provided: "All indemnities provided in this policy will be paid immediately after receipt of due proof."

Under these provisions of the policy, a demand for payment of the loss was in order immediately after receipt by the company of the proofs of loss. However, examination of the brief of the evidence shows that the plaintiff's evidence respecting proof of loss to the company and a demand for payment under the terms of the policy was contained in the testimony of the plaintiff herself and in the testimony of Mr. W. P. Brown, a representative of the Macon Hospital, a party to this action, and to which there had been a partial assignment of the policy. Mrs. Smith testified concerning the furnishing of proofs and making of a demand as follows: "Immediately after I was released from the hospital a claim application was filed with this company for payment under my policy, and they refused payment." Mr. Brown testified as to this that: "I, as cashier of the Macon Hospital, filled out or caused to be filled out some application for her [Mrs. Smith] under a claim for insurance with George Washington Insurance Company. That was on the basis of an assignment that Mrs. Smith made for part of the proceeds of the policy. I am quite sure I did not handle this personally, but it was done in our office. At the time the patient is dismissed from the hospital this form is completed by the patient, or some one for her, and signed by the insured, at which time we also take an assignment to the hospital, which is signed by the insured, and that then is mailed from our office. . . Then this claim was sent from our office; that is, an application for payment on this policy."

There was no other evidence on this subject. This testimony is either evidence as to the furnishing of proofs of loss or as to the making of a demand. It cannot, under any view be construed as evidence of the performance of both of these prerequisites to the plaintiff's right to sue. If it be construed as evidence of the making of a demand for payment, it does not show the furnishing of proof of loss, and a demand for payment is not

shown to have been in order until after proofs of loss were furnished. While a proof of loss may, in some cases contain a demand for payment, there is no evidence in this case as to what the "forms" filled out by the hospital and signed by the plaintiff were or what they contained. Since the plaintiff alleged that she had done all of the things required of her by the policy, it is apparent that she was relying upon proof of her compliance with the terms of the policy and not upon a waiver by the company of her compliance with any of such terms, and her further testimony respecting the refusal of the company to pay her claim cannot avail her as dispensing with the necessity to prove a demand after the submission of a proof of loss. *Neese* v. *Milwaukee & Mechanics' Ins. Co.*, 84 *Ga. App.* 473 (66 S. E. 2d 172).

In view of the facts set forth and the principles of law stated, it was fairly issuable whether a demand was made by the plaintiff, or whether, if it was made, it was made after submission of due proof of loss and at a time when the plaintiff had a right to make a demand, and the refusal of the trial court to instruct the jury as requested in writing and as complained of in this ground of the motion was harmful error and requires the grant of a new trial.

■ The fifth special ground of the motion for a new trial complains of the refusal of the court to give a written request to charge, as follows: "The statutory requirements of paying a penalty and attorney's fees (56-706 Ga. Code) is not inflicted merely for the reason that it turns out at the trial there was in reality no reason for the delay. The question is, how did matters appear before the trial as judged by a prudent and reasonable man seeking to find out the facts about an occurrence which it was his duty to investigate?"

In this connection the court instructed the jury in the following language: "Now, gentlemen, the several insurance companies of this State and foreign insurance companies doing business in this State, in all cases when a loss shall occur and they shall refuse to pay the same within sixty days after a demand shall have been made by the holder of the policy on which said loss occurred, shall be liable to pay the holder of said policy, in addition to the loss, not more than 25 percent on the liability of said

company for said loss, also all reasonable attorney's fees for the prosecution of the case against said company; provided it shall be made to appear to the jury trying the case that the refusal of the company to pay said loss was in bad faith.

"The good or bad faith of an insurance company to pay after demand is to be determined by the evidence before you. Probable cause for refusing payment will negative the imputation of bad faith. Whether or not probable cause existed in this case is for you to say under all the facts and circumstances of this case.

"If a fact necessary and material to a recovery under the policy should be fairly questionable under the evidence, no reason would appear for imparting [imputing?] bad faith to the defendant or for awarding damages and counsel fees, and if you find this to be the truth of the case, you would find against the plaintiff on these items.

"Should you find for the plaintiff and further find the defendant failed to pay the demand as a result of bad faith on its part; that is, it was a frivolous or unfounded refusal, in law or in fact, you would allow such an amount as you find is reasonable as attorney's fees and an amount not exceeding 25 percent of the principal allowed as damages for bad faith.

"I charge you that the acts of the agent of the defendant company in taking the application for insurance cannot be considered by the jury on the question of bad faith. The question of bad faith is considered in the light of the insurance company's refusal to pay after a demand for payment has been made on it."

While the principles embodied in the requested instruction, were perhaps more succinctly stated in the request than in the charge given, they were nevertheless substantially covered in the charge as given, and the requested instruction was not more specific in its application to the facts of the case than was the charge as given, and it was not error for the trial court to refuse to instruct the jury in the exact language of the request. *Trippe* v. *State*, 73 *Ga. App.* 322 (4) (36 S. E. 2d 121); *Tyree* v. *State*, 74 *Ga. App.* 229 (2) (39 S. E. 2d 441); *Simmons* v. *Hardin*, 75 *Ga. App.* 420 (43 S. E. 2d 553); *Carroll* v. *Hill*, 80 *Ga. App.* 576 (56 S. E. 2d 821); *Brown* v. *State*, 195 *Ga.* 430 (1) (24 S. E. 2d 312); *Smith* v. *State*, 202 *Ga.* 851 (45 S. E. 2d 267).

■ In special grounds 6, 7 and 8 the defendant contends that the court erred in submitting to the jury the question of whether they should award damages and attorney's fees for bad faith because the evidence did not show that a demand was made on the defendant to pay the amount due under the policy and because the evidence was not sufficient to authorize the verdict for damages and attorney's fees based on bad faith. These grounds are merely elaborations of the general grounds of the motion, and they are not passed upon.

■ Special ground 9 complains because the court in its charge to the jury referred to the City of Macon as a "nominal" party. The evidence showed that the plaintiff, Mrs. Smith, had made a partial assignment of her interest in and to the proceeds of the policy to the City of Macon, the operator of the hospital wherein Mrs. Smith was operated upon. It does not appear that the city was, therefore, merely a nominal party, and it was probably technically incorrect for the court to refer to the City of Macon as a "nominal" party. However, it does not appear how the charge complained of would have been harmful to the defendant, and for this reason this ground of the motion does not show error.

■ The final special ground of the motion complains that a brochure or pamphlet advertising the defendant company and its policies and service and containing therein a blank application for insurance introduced in evidence over the defendant's objection that it was "irrelevant to any issue in this case and serves no useful purpose for the jury. . . I think it is irrelevant and immaterial to any issue in the case; . . . that the highest and best evidence of the application is the original, which is in court at this time," was improperly admitted in evidence. This evidence was not admitted for the purpose of showing the contents of the application, but was admitted solely for the purpose of showing that the plaintiff had had dealings with the defendant; and where, under the pleadings in the case, the fact that the company had ever even issued to the plaintiff the policy of insurance sued upon stood denied by the defendant's pleadings, such evidence was admissible for the purpose for which it was admitted. This ground of the motion is without merit.

■ In passing on the general grounds of the motion for a new trial we have come to the conclusion that they should have been

sustained for the reason that, as pointed out in the 3rd division of this opinion, the evidence was not sufficient to show both the making of proof of loss and demand for payment, both of which, under the terms of the policy were prerequisites to the plaintiff's right to sue unless waiver of proof of loss was shown; and while the evidence may have been sufficient to show a waiver of the policy requirements respecting the filing of proofs of loss, this cannot avail the plaintiff since she did not, in her pleadings, rely on such a waiver. The evidence, therefore, did not authorize the verdict for the plaintiff and the trial court erred in overruling the general grounds of the motion. *Neese* v. *Milwaukee & Mechanics' Ins. Co.*, 84 *Ga. App.* 473, supra.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*