[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 103)
On August 30, 1999, the plaintiff, Nicole Gaudet, filed a three-count complaint against the defendants, the Joel Barlow Football Booster Club (Booster Club), and its members, John Signore, Paul Goldstein, John Braca, Elizabeth Wallace, and Bennie Wallace. The plaintiff alleges negligence against Signore individually (count one) gross negligence against Signore individually (count two), and negligence against the Booster Club and its individual members as agents thereto (count three) in the defendant's construction of a concession stand on the football field at Joel Barlow High School in Redding, Connecticut. The concession stand allegedly fell on the plaintiff during a football game causing physical injuries, medical supply expenses, emotional distress, and loss of earning capacity.
The defendant filed a motion to strike the second count of the plaintiff's amended complaint on November 8, 2000, on the grounds that gross negligence is not recognized in Connecticut, and that the second count is duplicative of the first count. The plaintiff filed an objection to the motion to strike on November 15, 2000, arguing that Connecticut recognizes gross negligence as it pertains to the federal Volunteer Protection Act, 42 U.S.C. § 14501 et. seq.[1] The defendants filed a reply to the objection on February 8, 2001, arguing that under the common law Connecticut does not recognize gross negligence.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The role of the trial court [is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether CT Page 7448 the [plaintiff has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
The defendant argues that Connecticut common law does not recognize a cause of action for gross negligence, and therefore, the plaintiff's allegations of gross negligence must fail. The plaintiff argues that gross negligence can be pleaded pursuant to the federal Volunteer Protection Act, 42 U.S.C. § 14501 et. seq.
"While the term gross negligence appears in certain criminal statutes and proceedings, State v. Carty, 120 Conn. 231, 234, 180 A. 287; Statev. Goetz, 83 Conn. 437, 441, 76 A. 1000; State v. Campbell, 82 Conn. 671,677, 74 A. 927, gross negligence has never been recognized in this state as a separate basis of liability in the law of torts. [The Supreme Court has] never recognized degrees of negligence as slight, ordinary, and gross in the law of torts." Decker v. Roberts, 125 Conn. 150, 157,3 A.2d 855 (1939). See also Croteau v. American Medical Response ofConnecticut, Superior Court, judicial district of New Haven at Meriden, Docket No. 256039 (June 4, 1997, DiPentima, J.) (19 Conn.L.Rptr. 533, 534) Failure to allege a recognizable cause of action is grounds for a motion to strike. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
As to the plaintiff's argument that gross negligence must be recognized as it pertains to the Volunteer Protection Act, our courts disagree that gross negligence must be recognized as it pertains to a specific statute. For example, Judge DiPentima in Croteau failed to recognize gross negligence as it pertains to the good samaritan statute, General Statutes § 52-557b. The court `[rejected] the plaintiff's argument because 1) it finds that the statute's purpose was to confer immunity and not to create a cause of action and 2) under the established case law, no action for `gross negligence' is recognized in Connecticut." Croteau v.American Medical Response of Connecticut, supra, 19 Conn.L.Rptr. 534. Additionally, the Volunteer Protection Act does not provide immunity if the defendant's actions were not willful, criminal, reckless, or show flagrant indifference to individual rights. 42 U.S.C. § 14503
(a)(3). These additional causes of action are recognized in Connecticut law.
In the present case, as in Croteau, the plaintiff argues that the court must recognize gross negligence as it pertains to an immunity statute; CT Page 7449 however, here the statute in question confers immunity and does not create a cause of action.
Therefore, following the reasoning of the Croteau case, the defendant's motion to strike the second count of the plaintiff's amended complaint is granted.
SKOLNICK, J.