20483.   METROPOLITAN LIFE INSURANCE COMPANY *v.* BUSBY, administrator.

STEPHENS, J.   1. "Where a copy of the application is not attached to a policy of life-insurance, it does not form a part of the contract of insurance, and consequently the statements therein contained are not to be treated as warranties, and their falsity would not avoid the risk as a matter of contract. Civil Code (1910), § 2471." *Couch* v. *National Life Ins. Co.*, 34 *Ga. App.* 543 (130 S. E. 596).

2. A misstatement of fact as respects the existence of any prior disease, or of having consulted a physician, made in an application for life insurance, which is a representation only and not a warranty, does not void the policy unless it is a misstatement of fact material to the risk. Where on the trial of a suit by a beneficiary to recover on the policy it appears from the evidence that, about eight months prior to the making of the application, the applicant had, for about four weeks, been treated by a physician for angina pectoris, which is "always considered serious at the time of the attack," and that at the time of this attack the applicant "had a serious disease or complaint," that angina pectoris is not a "disease,". "but is a serious condition," and that the

applicant had a "serious complaint or condition," but had "completely recovered from that complaint or condition" and, as far as the physician could see, had had "no after effects," that about four months prior to the applicant's death, which occurred about one year after the issuance of the policy, the applicant developed "a heart leak" and also "diabetes" later, which were different diseases from that for which she had been first treated, that she also "developed inflammation of the gall bladder," and a complication of the last three diseases caused her death, and where in the application it was stated that the applicant had never consulted a physician or suffered from any number of diseases mentioned in the application, among which were diseases of the heart, but it was stated that the applicant had been treated by a physician (without giving the physician's name) for influenza, and where there appears no other evidence with respect to the nature and character of angina pectoris, and where it does not appear that the applicant, when making the application, knew that she had ever had angina pectoris, it does not appear conclusively and as a matter of law that the applicant had intentionally made a misstatement of fact in the application, and that the applicant's failure to disclose specifically in the application the fact that she had been treated for angina pectoris was a misstatement of fact material to the risk. *Interstate Life Ins. Co.* v. *Bess*, 35 *Ga. App.* 723 (134 S. E. 804). The applicant, in stating in her application that she had been treated for influenza, without giving any date of treatment, could, with ignorance of the fact that she had had angina pectoris, have had in mind the trouble with which she was suffering when she in fact had angina pectoris and was treated therefor by a physician. With the knowledge thus derived from the applicant's statement, the insurance company was put on notice that the applicant had been treated by a physician for some disease, and could have obtained the name of the physician and made an investigation upon inquiry of him. It was therefore a question of fact for the jury whether the false representations in the application in respect to the applicant's having suffered from certain named diseases, or of having consulted a physician, were representations as to matters material to the risk. This is true notwithstanding it is provided in the policy that if the insured, prior to making the application, has suffered from a disease of the description indicated, the company may declare the policy void unless there is a specific waiver with reference thereto recited in a particular place in the policy, and no such waiver there appears.

3. Where it appears in the application for a policy of life-insurance that the applicant had not been rejected as an insurance risk by any other company, evidence from the records of another company, that twelve days prior to the making of the application the applicant had been rejected as an insurance risk by that company, is but hearsay and of no probative value. The genuineness of the signature to what purports to be an acknowledgment by the applicant of notice from the other company of a rejection of an application for insurance made by the applicant to that company is not conclusively established only by testimony that it "looks like" the applicant's signature, but the witness stating this states he "wouldn't swear it," and the opportunity afforded for a comparison

by the jury of this signature with an admittedly genuine signature of the applicant. It is therefore not established conclusively and as a matter of law that the applicant had ever received notice of rejection as an insurance risk by the other company, and that the applicant's statement in the application that she had not been rejected as an insurance risk by another company was false.

4. "A physician designated by a life-insurance company to examine applicants for life insurance acts as an agent of the company in receiving answers to medical questions propounded to an applicant, and any information given to the physician in answer to such questions is information to the company, although such information did not appear in the application signed by the applicant and the application contained answers giving information to the contrary. *Fair* v. *Metropolitan Life Ins. Co.*, 5 *Ga. App.* 708 (63 S. E. 812); Insurance Co. v. Mahone, 21 Wall. 152." *Brown* v. *Mutual Life Ins. Co.*, 29 *Ga. App.* 794 (2) (116 S. E. 559); *Supreme Lodge* v. *Few*, 142 *Ga.* 240 (82 S. E. 627). This is true where the application contains no limitation on the agent's authority to accept notice.

5. Where it is provided in the policy that if the insured, prior to making the application, had suffered from a disease of the description indicated in the policy, the company may declare the policy void unless there is a specific waiver with reference thereto recited in a particular place in the policy, and where no such waiver appears, the absence of such waiver in the policy does not, under the terms of the policy, ipso facto void the policy. Where the company, with knowledge that the insured had suffered from such disease, failed to void the policy, the invalidity of the policy on the ground of a failure to insert this waiver in it, can not be asserted by the company as a defense to a suit on the policy.

6. The testimony of the husband of the insured that after her death he received from the insurance company "the blanks for the doctors to fill out," that "the doctors filled them out," and he carried them to the office of the company, where they were accepted, is sufficient to authorize the jury to find that proof of death was made to the company as required by the policy.

7. The petition was good as against the demurrer. The evidence authorized the verdict found for the plaintiff on both policies. The grounds of the defendant's motion for a new trial are without merit. The superior court did not err in overruling the certiorari.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 21, 1931. REHEARING DENIED FEBRUARY 28, 1931.

*Smith, Hammond, Smith & Bloodworth, William H. Smith,* for plaintiff in error.

*G. N. Bynum,* contra.