25190. SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD *v.* REID.

DECIDED JULY 6, 1936.

*Franklin & Eberhardt, H. Langdale,* for plaintiff in error.
*H. B. Edwards, Jordan Johnson,* contra.

JENKINS, P. J. ■ "Where an applicant for life insurance covenants in his application that the statements made to the medical examiner are true, and these statements are made a part of the contract of insurance and form the basis of such contract, any variation in any of them, which is material, whereby the nature or extent or character of the risk is changed, will avoid the policy, whether the statement was made in good faith or wilfully or fraudulently. . . The representations when made, if material, are warranties under the Code, but they differ from the ordinary warranty in that their falsity does not avoid the policy unless they are material and the variation from truth is such as to change the nature, extent, or character of the risk." *Supreme Conclave Knights of Damon* v. *Wood,* 120 *Ga.* 328 337 (47 S. E. 940); Code, §§ 56-820, 56-821. As to *ordinary life-insurance companies,* the statute provides that "All life-insurance policies issued upon the lives of persons within this State, . . which contain any reference to the application for insurance, . . shall contain, or have attached to said policy, a correct copy of said application signed by the applicant; . . and unless so attached, . . such application" shall not "be considered a part of the policy or con-

tract between such parties." Code, § 56-904. Thus, in policies and contracts of ordinary life-insurance companies, "statements made in the application are not to be treated as warranties or covenants, on account of the failure or falsity of which the policy may be avoided, unless a copy of the application is attached to the policy or accompanies it, though representations contained in the [unattached] application, if fraudulently made, may give to the insurance company the right to avoid the policy." *Mutual Benefit Health &c. Asso.* v. *Bell,* 49 *Ga. App.* 640, 643 (176 S. E. 124). Where the application is not attached to an ordinary life-insurance policy, the policy can not be avoided by showing merely that a material representation was untrue; but the proof must go further and show that it was "knowingly and wilfully false." *Metropolitan Life Ins. Co.* v. *Bugg,* 48 *Ga. App.* 363 (172 S. E. 829). See, in this connection, *National Accident &c. Ins. Co.* v. *Davis,* 179 *Ga.* 595 (176 S. E. 387); *Metropolitan Life Ins. Co.* v. *Hale,* 177 *Ga.* 632 (170 S. E. 875). However, where a certificate of insurance is issued by a voluntary fraternal-benefit association, the provision of the Code, § 56-904, that the application must be contained in or attached to the policy in order to be considered a part of the policy or contract between the parties, is not applicable; but § 56-1610 controls, which section provides that, as to such organizations, the application for membership and medical examination, signed by the applicant, together with the articles of association, constitution, and laws of the society, shall "constitute the agreement," and "shall be received in evidence of the terms and conditions thereof." Accordingly, in the instant case, where the certificate of insurance was issued by a fraternal-benefit association, the application, which was referred to in the certificate, although not incorporated therein or attached thereto, was a part of the contract, with the result that any untrue statement made in the application, materially affecting the nature, extent, or character of the risk, would avoid the policy, regardless of whether such statement was wilfully or knowingly made, especially where in the application the insured agreed that "any untrue statements or answers made by me in this application, . . intentional or otherwise, . . shall make my beneficiary certificate void." *Fraternal Life &c. Asso.* v. *Evans,* 140 *Ga.* 284, 288 (78 S. E. 915); *Thurman* v. *Sovereign Camp W. O. W.,* 171 *Ga.* 446, 450 (155 S.

E. 760) ; *Supreme Conclave Knights of Damon* v. *Wood,* supra; *Sovereign Camp W. O. W.* v. *Batchelor, 52 Ga. App. 262 (183 S. E. '131).*

■ A reply in the negative, in a signed application for life insurance, to a question whether the applicant had ever been previously rejected for life insurance by any society, association, or company, or whether he had ever failed to receive a contract of life insurance for the full amount and kind applied for, is a representation materially affecting the nature, extent, and character of the risk of the insurer, and will avoid the policy and contract, where the evidence is undisputed that before such application, another company or association had in fact refused to issue a life-insurance policy, for which the applicant for the latter policy had then applied, and that the company or association to which he last applied relied on such representation in its application. See *Ætna Life Ins. Co.* v. *Conway,* 11 *Ga. App.* 557, 562 (75 S. E. 915) ; *Empire Life Ins. Co.* v. *Jones,* 14 *Ga. App.* 647 (82 S. E. 62) ; *Ætna* Life Ins. Co. *v.* Moore, 231 U. S. 543 (34 Sup. Ct. 186, 58 L. ed. 356) ; Prudential Ins. Co. *v.* Moore, 231 U. S. 560 (34 Sup. Ct. 191, 58 L. ed. 367) ; Mutual Life Ins. Co. *v.* Hurni Packing Co., 260 Fed. 641, 645 ; Mutual Life Ins. Co. *v.* Dibrell, 137 Tenn. 528, 532 (194 S. W. 581, L. R. A. 1917E, 554) ; 4 Cooley's Briefs on Insurance, 3228.

■ Under the foregoing rules as to the avoidance of a certificate of life insurance in a voluntary fraternal-benefit association by a material untrue representation in an application, such as stated, irrespective of the applicant's knowledge of its falsity, and as to the materiality of such a misrepresentation, a verdict in favor of the association, in this suit by the beneficiary, was demanded by the undisputed evidence. Therefore it was error to deny a new trial on the defendant's motion on the general grounds, and on the special grounds that the court erred in charging the jury, in effect, that the answer by the insured in his application that he had not been "turned down" by any other insurance company must have been "knowingly stated," and that the question must have been answered in the negative,. "knowing it to be false."

■ The preceding holdings. being controlling, it is not necessary to pass on other exceptions and contentions : whether the answer of the insured in his application was not only untrue but

made with knowledge of its falsity, under the contention that there was not sufficient rebuttal evidence, contradicting the testimony of the agent of the rejecting company that he had informed the insured of the rejection, to make an issue as to whether the insured was so informed; and whether or not, under the terms of the contract requiring the insured to be in good health at the time of any reinstatement and for thirty days thereafter, the evidence demanded a finding that he was not in good health when reinstated after a non-payment of dues, and was not in good health when he died less than thirty days after his reinstatement.

*Judgment reversed. Stephens and Sutton, JJ., concur.*