25872. JEFFERSON STANDARD LIFE INSURANCE COMPANY *v.* FENDLEY.

DECIDED FEBRUARY 27, 1937. REHEARING DENIED APRIL 3, 1937.

*Bryan, Middlebrooks & Carter, Hull Barrett & Willingham,* for plaintiff in error.

*Isaac S. Peebles Jr., Nathan Jolles,* contra.

FELTON, J. This was a suit on a life-insurance policy. The insurance company sought to defeat a recovery on the ground that material misrepresentations affecting the risk were made in the application for the policy. The court charged the jury, in effect, that if false answers were made to the questions in the application for insurance, before they would avoid the policy and preclude a recovery they would have to be fraudulently made as well as material to the risk. Such a charge was error. The application was a part of the policy; and the answers to the questions being untrue and not amounting to a mere concealment of facts, and being material to the risk, a fraudulent intent on the

part of the insured was not necessary for the avoidance of the policy. The undisputed evidence showed that the insured knew she had been treated for womb trouble. Yet she stated to the two agents who took her application that she had been treated for nervousness and had recovered. She knew that she had lost considerable time from her work. Yet she answered that she had lost none. The evidence shows that she lost time from work by reason of having been treated for cancer of the womb, and had collected disability insurance for the time she lost. True answers to these questions would unquestionably have led to a discovery by the insurance company of .the trouble she had had, and the evidence shows she would not have been accepted as a risk.

The beneficiary contended that the insured told the agents who solicited the insurance that she had been treated for nervousness, and that if they wanted to know the truth as to her condition they could find out from her physician, who was also the physician of the insurance company (but not authorized under the policy to accept the information) ; and that in the absence of an inquiry the company waived the truth such an inquiry would have revealed. Waiver in such cases can not be predicated upon constructive knowledge of an agent. *Wiley v. Rome Insurance Co.,* 12 *Ga. App.* 186 (76 S. E. 1067) ; *Penn Mutual Life Insurance Co.* v. *Blount,* 165 *Ga.* 193 (140 S. E. 496). It may be observed further that the insurance company had a right to rely on insured's statement that she was treated for nervousness and had been cured. They might reasonably have waived an investigation under these answers, and yet insisted on a sifting examination if they had known she had had womb trouble and had lost time from work on account thereof. The beneficiary further contended that the misrepresentations were not material to the risk, because the insured did not die of the disease with reference to which it was contended the false answers were made. This question has been settled contrary to this contention in this State, and it is needless to dwell upon it. *Lee* v. *Metropolitan Life Insurance Co.,* 158 *Ga.* 517 (123 S. E. 737). The court erred in not granting a new trial. This ruling makes it unnecessary to pass upon other assignments of error not covered by this opinion.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*