30170. GABRILES *et al.* v. SUN LIFE ASSURANCE COMPANY OF CANADA.

DECIDED SEPTEMBER 29, 1943.

*Judson Andrews, George C. Mitchell,* for plaintiffs.
*Grover Middlebrooks,* for defendant.

BROYLES, C. J. The plaintiffs sued on a policy of life insurance issued by the defendant company to Mrs. Zaharenea Vlass, in which they were named as beneficiaries. The defendant pleaded that the policy was void because of material misrepresentations made by the insured in her application which was attached to and made part of the policy. The application shows that in answer to questions therein the applicant made the following statements: that she had never suffered from or consulted a physician for any complaint or affection of the throat or lungs, or of the heart or blood-vessels, or palpitation, or high-blood pressure, or angina pectoris, or pain in the chest, or from other complaints. She further stated, in answer to questions in the application, that during the past five years she had not been examined or treated by, or consulted, a physician, and that she had never had advice about her heart or lungs, or submitted to electro-cardiographic or x-ray ex-

amination or to blood tests. In signing the application she made the following statement: "I declare that the above answers are full and true, and that I am now and am usually of sound health; and I agree that this declaration, with the answers given by me in the personal declaration made in lieu of medical examination, or the answers given by me to the medical examiner, should an examination be required, shall be the basis of the policy." The application was signed in August, 1938, the policy was issued on August 18, 1938, and the insured died on November 4, 1939.

On the trial the undisputed evidence showed that the insured was a regular patient of Dr. Rufus Dorsey during the years 1936 and 1937, and that Dr. Dorsey gave her digitalis and nitroglycerin as heart stimulants. The following evidence also was undisputed: On January 12, 1937, Dr. Jeff L. Richardson examined the insured with an electrocardiogram, an instrument used in diagnosis of heart disease, and found that she had a coronary disease. Dr. Newdicate Owensby treated the insured for two years before her death, and found she had high-blood pressure and some organic heart disturbance. Dr. William F. Lake, in March, 1934, made an x-ray picture of the heart, chest, and lungs of the insured. The above-stated evidence was undisputed. Further, the uncontradicted evidence was that in issuing the policy the defendant relied upon the representations made by the insured in the application.

In our opinion, the foregoing undisputed evidence demanded a finding that the insured made several material misrepresentations in her answers to the questions propounded in her application for the policy. The misrepresentations were material in that they changed the nature, extent, and character of the risk. Whether misrepresentations are material is ordinarily a question for the jury; but where, as here, the evidence excludes every reasonable inference except that they were material, no issue is presented upon that point for determination by the jury, and it is not necessary for the insurance company to show actual moral fraud on the part of the insured. *Jefferson Standard Life &c. Insurance Co.* v. *Henderson,* 37 *Ga. App.* 704 (141 S. E. 498); *National Life & Accident Insurance Co.* v. *Preston,* 68 *Ga. App.* 614, 616 (23 S. E. 2d, 526).

The court did not err in directing the verdict for the defendant.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*