## MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N v. McCRANIE.

### No. 12637.

United States Court of Appeals
Fifth Circuit.

Dec. 30, 1949.

W. Colquitt Carter, Atlanta, Ga., Larry E. Pedrick, Waycross, Ga., for appellant.

Benjamin Smith, Jr., Waycross, Ga., for appellee.

Before HOLMES, WALLER, and SIBLEY, Circuit Judges.

WALLER, Circuit Judge.

In application for two insurance policies, one for $1,000.00 and one for $2,500.00, dated May 7 and May 10, 1947, the applicant, by his answers to Questions 13-17,[1] stated that he was sound physically and mentally, that he had never had any disease of the brain or nervous system, had not received any medical or surgical treatment or had any local or constitutional disease within the past five years, had never been operated on by a physician or surgeon, and that he understood and agreed that no insurance would be effected until the policy was accepted by him while in good health and free from injury. (R. 13, 14.) Relying upon the applications the policies were issued.

Within less than sixty days after these policies were issued the insured was killed in an automobile accident, and upon investigation the Company found that the insured had within two months prior to his application been medically discharged from the United States Army with a disability rating of 100%. The Army Medical Department recommended such discharge on the following diagnosis: "Concussion, cerebral, mild,[2] accidentally incurred when

1. The following questions and answers are taken from the application for insurance:

"13. Are you sound physically and mentally? Answer * * * Yes.

"14. Have you ever had any of the following diseases? * * * any disease of the brain * * * Name disease, dates, and length of disability. No.

"15. Have you received medical or surgical treatment or had any local or constitutional disease not mentioned above, within the last five years? Answer as to each. No.

"16. Have you ever been operated on by a physician or surgeon? No. * * *

"17. Do you understand and agree that no insurance will be effected until the policy is accepted by you while in good health and free from injury? Yes."

2. Prior to discharge this injury was diagnosed as "concussion, cerebral, severe".

patient fell out of a swing at a carnival, Badtoelz, Germany, 25 July 1946." It appears from the official files of the Veterans Administration that within twelve months prior to the application the insured had fallen from a swing at a carnival in Germany and received an injury which was subsequently diagnosed as cerebral concussion. Shortly after this diagnosis he was returned to duty. Approximately a month later he was hospitalized because of severe headaches, weakness in his right extremities, and faintness. For diagnostic purposes exploratory holes were "burred" in his head in two places while he was under G. O. E. anesthesia. He was soon released from the hospital but his infirmities continued and shortly thereafter he was medically discharged.

Armed with these facts the Insurance Company sought a declaratory judgment as to its liability under the two policies. The Company moved for a directed verdict. This motion was overruled and the cause was submitted to the jury, who returned a verdict for the maximum liability under the policies. The Plaintiff's motion for judgment *non obstante veredicto* was denied.

The law of Georgia is clear on the question of the effect of misrepresentations on insurance policies. The Code of Georgia provides:

"56-820. (2479) Application, good faith in making.—Every application for insurance shall be made in the utmost good faith, and the representations contained in such application shall be considered as covenanted to be true by the applicant. Any variation by which the nature, extent, or character of the risk is changed shall void the policy."

"56-821. (2480) Misrepresentation, effect of.—Any verbal or written representations of facts by the insured to induce the acceptance of the risk, if material, must be true, or the policy shall be void. If, however, the party shall have no knowledge, but shall state on the representation of others, bona fide, and shall so inform the insurer, the falsity of the information shall not void the policy." [3]

■ The appellate courts of Georgia have held in an unbroken line that a material misrepresentation as to a known fact will avoid a policy if such misrepresentation changes the character or extent or nature of the risk. See: Sovereign Camp of W. O. W. v. Reid, 53 Ga.App. 618, 186 S.E. 759; Gabriles et al. v. Sun Life Assur. Co. of Canada, 70 Ga.App. 6, 27 S.E.2d 111; Preston v. National Life & Acc. Ins. Co., 196 Ga. 217, 26 S.E.2d 439, 450, 148 A.L.R. 897. In the last cited case the Supreme Court of Georgia, speaking through Justice Bell, states: "The rule is contained in the Code, and as we have seen, may be stated in four simple words, *substantial* increase in risk, but its application will of course depend upon the facts of each particular case, which will necessarily vary and cannot be anticipated further than has been done in such statute." (Emphasis added.) The Court in that case used the word "substantial" for the first time and the Appellant contends that it establishes a new method of ascertaining the materiality of misrepresentations in Georgia. It seems always to have been the law that slight or unimportant misrepresentations will not avoid the policy. See Metropolitan Life Insurance Co. v. Busby, 42 Ga.App. 808, 157 S.E. 354.

■ The courts of Georgia have held that misstatements may be material to risk although insured did not die of the disease with reference to which it is contended false answers were made. Jefferson Standard Life Insurance Co. v. Fendley, 55 Ga. App. 618, 190 S.E. 806. It has been the law, and it seems now to be, that where uncontroverted facts show misstatements or materially fraudulent concealment in answer to questions in application for life

---

3. The sections above quoted relate to fire insurance but in the following chapter of the Code, relating to life insurance, Section 56-911 states: "The principles before stated as to fire insurance, wherever applicable, shall be equally the law of life insurance."

insurance, verdict in favor of insurer must be rendered. National Life & Accident Ins. Co. v. Strother, 53 Ga.App. 241, 185 S.E. 373; Rhodes v. Metropolitan Ins. Co., 5 Cir., 172 F.2d 183.

The answers quoted were clearly false, and without doubt were material[4] and substantially increased the risk. The defendant was entitled to its requested verdict.

Reversed and remanded.

---

4. "A 'material representation' is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing the amount of the premium in the event of such acceptance." Life Ins. Co. of Virginia v. Pate, 23 Ga. App. 232, 97 S.E. 874.