249 F.2d 657
 Mrs. Mary Holcomb SMITH and Mrs. Lillian Johnson Smith, Appellants,
v.
JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellee.
JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant,
v.
Mrs. Mary Holcomb SMITH and Mrs. Lillian Johnson Smith, Appellees.
 No. 16452.
 United States Court of Appeals Fifth Circuit.
 November 29, 1957.
 Rehearing Denied January 9, 1958.
 
 Alex W. Smith, Jr., Smith, Field, Doremus & Ringel, Atlanta, Ga., for appellants Smith. Alex W. Smith, Sam F. Lowe, Jr., Atlanta, Ga., of counsel.
 B. D. Murphy, James K. Rankin, Robert E. Coll, Atlanta, Ga., for John Hancock Mut. Life Ins. Co. Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., of counsel.
 Before RIVES, TUTTLE and BROWN, Circuit Judges.
 TUTTLE, Circuit Judge.
 
 
 1
 This appeal raises the single question whether under the Georgia law the materiality of misrepresentations in an application for life insurance was properly determined by the trial court as a matter of law, thus authorizing the court to set aside a jury's verdict for the insured and enter a judgment n. o. v. for the defendant insurance company. The cross-appeal becomes important only in the event we hold the trial court erred in its final judgment.
 
 
 2
 This suit on two insurance policies issued in Georgia is controlled by the laws of that state. It is defended on the ground that in six respects answers to questions were false and material to the risk. Of these it is clear that answers were incorrect in five, and as to the sixth there is some dispute as to the correctness of the answer. We shall comment only on the five clearly incorrect answers. The application was signed January 30, 1953. The questions and answers are as follows:[1]
 
 Question 1:
 
 3
 "Have you ever, for physical or mental reasons, been discharged from military or naval service or been given a deferred draft classification?
 
 
 4
 "Answer:
 
 
 5
 "No."
 
 Question 2:
 
 6
 "Have you ever made an applicacation to any insurance company for life, health or accident insurance which has been declined, postponed, or modified as to amount, plan or premium?
 
 
 7
 "Answer:
 
 
 8
 "No."
 
 Question 3:
 
 9
 "Have you ever had, or been told that you had, or consulted or been treated by a physician or other practitioner for any of the following: Increased or abnormal blood pressure?
 
 
 10
 "Answer:
 
 
 11
 "No."
 
 Question 4:
 
 12
 "Have you ever had an X-ray, electrocardiographic or blood examination or studies?
 
 
 13
 "Answer:
 
 
 14
 "No."
 
 Question 5:
 
 15
 "Have you, during the past five years, consulted any physician or other practitioner, or been confined to or treated in any hospital, sanatorium, dispensary, clinic, or similar institution not stated in answers to the other questions?
 
 
 16
 "Answer:
 
 
 17
 "Yes, Dr. C. A. Bancker, Atlanta, Georgia. Occasional head cold and check up. Last 1949."
 
 
 18
 As to question 1 the official Government Selective Service Record shows that on his examination in March 1943 insured had blood pressure of 150/102 and that he was rejected for military service and given the deferred classification IV-F because of arterial hypertension. This record was corroborated by the doctor who had examined Smith. The conclusion is inescapable that the answer to this question was false.
 
 
 19
 The unequivocal negative answer to the second question, as to prior rejection or uprating for an insurance policy, is likewise demonstrated to be false by the introduction of a policy of life insurance of the Life Insurance Company of Virginia in the application for which Smith had stated that he had "consulted a physician or been treated for" high blood pressure within the preceding five years and in a rider to which it was stated:
 
 
 20
 "On account of the personal history of the Insured, the Company declines to issue this Policy applied for on the twenty seventh day of August, 1930, but on the faith of said application issues this policy in lieu thereof * * *."
 
 
 21
 As to the third question, inquiring whether the applicant "ever had, or been told that you had, or consulted or been treated by a physician * * * for increased or abnormal blood pressure," Smith's answer was also an unequivocal "no." In point of fact, he had answered in his application for the Life of Virginia policy in answer to the question "Have you ever had any of the following diseases: high blood pressure?" "yes." He had also answered to the separate question "Have you consulted a physician or been treated for any illness or injury during the last five years?" by saying "Yes. High blood pressure." The record thus clearly demonstrates that he incorrectly answered at least one part of this question, for he signed a statement categorically stating that he had had high blood pressure and further he stated that he had been "treated" by Dr. L. J. Parham for this condition.
 
 
 22
 There can be no doubt but that in answer to question 4 he falsely stated he had had no X-ray or electrocardiograph. He had had both.[2]
 
 
 23
 Again, the fifth question was incorrectly answered inasmuch as it did not state that the insured had consulted Dr. Bancker on January 28 and January 29, 1953.[3] The statement "Last 1949" is an affirmative false misstatement.
 
 Applicable Georgia statutes provide:
 
 24
 "Every application for insurance shall be made in the utmost good faith, and the representations contained in such application shall be considered as covenanted to be true by the applicant. Any variation by which the nature, extent, or character of the risk is changed shall void the policy." Georgia Code, § 56-820.
 
 
 25
 "Any verbal or written representations of facts by the insured to induce the acceptance of the risk, if material, must be true, or the policy shall be void." Georgia Code, § 56-821.
 
 
 26
 "All persons applying for life insurance in a life insurance company writing life insurance in this State shall submit to such reasonable rules and regulations as may be prescribed by such insurance company; and after a policy shall be issued on the life of such person, the beneficiary of such policy shall be entitled to collect the amount of such policy under the terms of the contract when it shall mature, unless the applicant or beneficiary shall have been guilty of actual fraud or shall have made material misrepresentations in procuring such policy, which representations change the character and nature of the risk as contemplated in the policy so issued by the company. No statements, covenants, or representations contained in applications for insurance shall ever be held or construed to be warranties, but shall be held to be representations only. (Acts 1912, p. 130; 1927, p. 223)." Georgia Code, § 56-908.
 
 
 27
 Although the last quoted section was enacted subsequent to the others, all of the Georgia decisions which we think necessary to our decision were made after its enactment and there is therefore no question as to whether they are still valid under the latest statute.
 
 
 28
 We think it clear from the language of the statute that a policy of life insurance may be voided by the company for misrepresentation, if no fraud is charged, only by proof of two elements: falsity in the representation and materiality of the representation. In an effort to explain the otherwise unacceptable verdict of the jury on specific questions here that Smith made no misrepresentations,[4] the plaintiffs contend that the term "misrepresentation" comprehends the term "material," that is that a false statement would not amount to a misrepresentation unless it was material. They argue from this that the jury, by their negative answer to these questions, meant to say that there had been no material misrepresentations. We think the law of Georgia, beginning with the statute which speaks of "material misrepresentations," through the decided cases which all discuss misrepresentations that are either material or immaterial, to the charge of the court in this case,[5] is clear that there may be immaterial and material misrepresentations. The question here, therefore, before the trial court was whether these patently false answers were material or immaterial, and then, whether as to all of them, for that determination, a jury trial was required. If the question of materiality must, in all events, be decided by the jury, then the trial court erred in entering judgment n. o. v. and the most the appellee insurance company would be entitled to would be a new trial.[6]
 
 
 29
 It is appropriate to point out two other issues that are not involved. One is knowledge of the falsity by the applicant, because there is not here present any question of fraud or bad faith. Sovereign Camp of W.O.W. v. Reid, 53 Ga.App. 618, 186 S.E. 759. The theory on which the law avoids such a contract is that it has been entered into by the insurance company without knowledge of the true facts affecting the risk. Manley v. Pacific Mutual Life Ins. Co. of California, 5 Cir., 35 F.2d 337. The other issue not present is whether the death of the insured was related to the fact that was misrepresented. Plaintiffs concede that the insurance company need not show any such connection. Preston v. National Life & Accident Ins. Co., 196 Ga. 217, 26 S.E.2d 439; Vaughn v. National Life & Accident Ins. Co., 189 Ga. 121, 5 S.E.2d 238.
 
 
 30
 We come down then to the crucial issue: Could the trial court determine, as a question of law, or as an uncontroverted fact, that any of the proven false statements were material and thus avoided the policy?
 
 
 31
 Both parties agree that the Georgia rule is that generally the question of materiality is one of fact for the jury. Plaintiffs here contend that the misrepresentations made by the applicant relate to insubstantial matters and they were not material, but in any event their materiality was not so clear that it could be determined by the court. Defendant points to specific Georgia cases which it contends rule this particular question in its favor, at least as relates to the misstatement about the rejection of Smith's application for insurance. It is not always easy to distinguish between the decided cases if we look only at the language of the opinion in which general principles are expressed, since the general rule always excepts the unusual case. It is necessary for us if possible, therefore, to find the cases in Georgia that most nearly fit the fact situation before us. We do find two such cases, both of which stand for the proposition that whatever may be the rule as to misstatements of conditions of health, a false statement about rejection or cancellation of other insurance is material as a matter of law. These cases are Sovereign Camp of W.O.W. v. Reid, supra, and Mutual Benefit Health & Accident Ass'n v. Marsh, 60 Ga.App. 431, 4 S.E.2d 84.
 
 
 32
 In the first of these cases the Georgia Court of Appeals stated:
 
 
 33
 "A reply in the negative, in a signed application for life insurance, to a question whether the applicant had ever been previously rejected for life insurance by any society, association, or company, or whether he had ever failed to receive a contract of life insurance for the full amount and kind applied for, is a representation materially affecting the nature, extent, and character of the risk of the insurer, and will avoid the policy and contract, where the evidence is undisputed that, prior to such application, another company or association had in fact refused to issue a life insurance policy, for which the applicant for the latter policy had then applied, and that the company or association to which he last applied relied upon such representation in its application. See Aetna Life Ins. Co. v. Conway, 11 Ga.App. 557, 562, 75 S.E. 915; Empire Life Ins. Co. v. Jones, 14 Ga. App. 647, 82 S.E. 62; Aetna Life Ins. Co. v. Moore, 231 U.S. 543, 34 S.Ct. 186, 58 L.Ed. 356; Prudential Ins. Co. of America v. Moore, 231 U. S. 560, 34 S.Ct. 191, 58 L.Ed. 367; Mutual Life Ins. Co. of New York v. Hurni Packing Co., 8 Cir., 260 F. 641, 645; Mutual Life Ins. Co. v. Dibrell, 137 Tenn. 528, 532, 194 S.W. 581, L.R.A.1917E, 554; Vol. 4, Cooley's Briefs on Insurance, p. 3228." Sovereign Camp of W.O.W. v. Reid, 53 Ga.App. 618, 621, 186 S.E. 759, 760.
 
 
 34
 The representation as to the prior rejection for insurance was the sole ground for the voiding of the policy in that case, and unless subsequent decisions modify the ruling here made, we are bound by the law here stated.
 
 
 35
 Subsequently, in a case involving several glaring misrepresentations the Court of Appeals of Georgia[7] again held that a false negative answer to the question of rejection or cancellation of insurance was material as a matter of law. After commenting on the many false statements, including the answer as to cancellation of a policy, the court said:
 
 
 36
 "The evidence showed without contradiction that some of the most material statements in the application were false. * * *" [60 Ga.App. 431, 4 S.E.2d 89.]
 
 
 37
 On motion for rehearing, it is evident that movant stressed the factual nature of the misstatements as to the conditions of health, and the court drew a distinction between these answers which it recognized might have required submission to the jury and the rejection or cancellation answer which it held to be material per se. The court said:
 
 
 38
 "The insured's incorrect answer to the second part of question 8 that he had not made application for a policy of insurance in any other company when in truth he had done so five days before the date of the application for the policy in question and about three weeks later received a policy from this other company, and his untruthful answer to question 9 that he had never had a policy canceled on him, would themselves have voided the policy, for they were misrepresentations of material facts affecting the nature, extent and character of the risk of the insurer. Sovereign Camp Woodmen of the World v. Reid, 53 Ga.App. 618, 186 S.E. 759 (supra.)" Emphasis added.
 
 
 39
 Mutual Benefit Health & Accident Ass'n v. Marsh, 60 Ga.App. 431, 440, 4 S.E.2d 84, 90.
 
 
 40
 Our attention has been called to no case in Georgia in which the court has held that a misrepresentation in answer to the question as to rejection or cancellation of insurance is not material per se. Appellant strongly urges that the Georgia Supreme Court cases of Preston v. National Life & Accident Insurance Co., 196 Ga. 217, 26 S.E.2d 439, 148 A.L. R. 897, and Vaughn v. National Life & Accident Insurance Co., 189 Ga. 121, 5 S.E.2d 238, 240, have somehow established a standard that would take some effect away from the two Court of Appeals cases heretofore cited. They do not specifically argue this, but they speak of the Supreme Court cases as finally setting the standards in this respect. So, of course, they do, to the extent that they deal with representations as to health or consultations with doctors. They restate the rule that what increases the risk, or affects the attitude of the insurer in accepting the risk is material, and whether it does either of these things is ordinarily a question for the jury, but the Supreme Court recognized in both opinions the rule announced in the Court of Appeals cases that "where the evidence excludes every reasonable inference except that they were material, no issue is presented upon that point for determination by the jury, and it should be decided by the court." Vaughn v. National Life & Acc. Ins. Co., supra. The important thing here is that the Court of Appeals has twice held that a false answer as to a prior rejection or cancellation of insurance is so clearly material as to exclude every other reasonable hypothesis, thus bringing such a case within the latest pronouncement of the Georgia Supreme Court on the matter.
 
 
 41
 It is difficult to see how a court could hold otherwise. To say that a statement that an applicant had not been rejected for insurance or rated up because of his high blood pressure is not material if untrue would be almost a contradiction in terms. So too as to the misstatement that Smith had not been deferred from the draft on account of his health. No case has been cited and we find none which holds specifically that such a misrepresentation is material per se. Nor do we have to make such definitive ruling, though we think it entirely consistent with the expressed opinion of the Georgia courts to class this particular kind of misrepresentation with that as to rejection for insurance.
 
 
 42
 In light of the many Georgia cases dealing with the relation of seriousness of health factors to the question of materiality, we do not decide that the remaining misrepresentations could be found by the trial court to be material as a matter of law. Such a finding is not necessary to the disposition of this case. On the principles clearly announced in Sovereign Camp of W. O. W. v. Reid, supra, and Mutual Benefit Health & Accident Ass'n v. Marsh, supra, we hold that the false negative answers to questions 1 and 2 voided the policy as a matter of law and the trial court correctly entered a judgment for the defendant notwithstanding the verdict of the jury.
 
 
 43
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 These are numbered from 1 to 5 for ready reference. They bore different numbers in the signed application, but they appeared in the order here given
 
 
 [2]
 The parties stipulated that the electrocardiograph was normal; there was testimony by the X-ray doctor that there was a slight enlargement of the left side of the heart. Neither of these circumstances bears on the truth or falsity of the answer, but only, if at all, on the materiality
 
 
 [3]
 These were the two days immediately preceding the date of the application for insurance. This, too, is a circumstance that does not bear on the question of truth or falsity
 
 
 [4]
 The court submitted specific questions as to whether the insured had made misrepresentations as to each of the six questions. The jury answered "no" as to each of the six, although as pointed out above, it was clearly without dispute that the answers to five of the questions were false
 
 
 [5]
 The court charged, among other things:
 "Under Georgia law what makes misrepresentations by insured in applications for a life insurance policy material is not that the things misstated caused or contributed to insured's death, but that it affected the risk and probably influenced the insurer's acceptance of the risk."
 Neither party excepted to this instruction. The court later charged:
 "Now, gentlemen, following the question just stated thus, as to whether his answer to that question was or was not a misrepresentation, there follows this question: If you answer the foregoing in the affirmative, state whether you find such answer substantially changed the nature and character of the risk." (The test of materiality previously given the court.) Again neither party objected to this charge.
 
 
 [6]
 This would be so because the jury did not answer the question as to materiality
 
 
 [7]
 The two cases were decided by the two divisions of the Court, which in Georgia are permanent divisions which occasionally differ on the law