GLOBE LIFE & ACCIDENT INSURANCE COMPANY, Appellant,

v.

Hollis C. STILL, Appellee.

No. 23426.

United States Court of Appeals Fifth Circuit.

May 15, 1967.

Rehearing Denied June 27, 1967.

---

Jesse W. Walters, Perry, Walters, Langstaff & Lippitt, Albany, Ga., for Globe Life & Accident Ins. Co., appellant.

Jesse G. Bowles, Cuthbert, Ga., Tracy Moulton, Jr., Blakely, Ga., for appellee.

Before COLEMAN and DYER, Circuit Judges, and ESTES, District Judge.

DYER, Circuit Judge:

Appellee Hollis C. Still was the insured and beneficiary under three health and accident policies issued to him by appellant Globe Life & Accident Insurance Company. Still sustained an accidental gunshot wound to his leg and foot necessitating the amputation of his foot. Claim was timely made. Globe declined to pay on the policies and tendered return of the premiums which was refused. The suit which is the basis of this appeal followed, and judgment was entered on a jury verdict for Still for $5,957.12 together with interest on all three policies.

Globe has maintained throughout that Still made false and fraudulent answers to questions in his applications for the three policies, which answers were material to the acceptance of the risk and to the hazard assumed by Globe, and that § 56–2409 of the Ga.Code Annotated thus permitted Globe to refuse payment to Still.[1] The applications executed by Still

---

1. "56–2409. Representations in applications.—All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:
"(1) Fraudulent; or
"(2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
"(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy

were attached to and made a part of the policies of insurance. Each policy provided that the application and the policy constituted the entire contract between the parties. All of the applications required Still to state in what other companies he held health and accident insurance. The answer inserted by Globe's agent in each instance was "Independent", referring to Independent Life and Accident Insurance Co. Actually at that time Still had eighteen health and accident policies and thirty-six life policies with dismemberment benefits. Policy number 934584 further inquired as to whether any life, accident or health insurer had ever declined an application by Still for insurance or cancelled his insurance. The answer recorded by Globe's agent was "No". As a matter of fact, another insurance company had previously cancelled a health and accident policy it had issued to Still and had on two occasions declined his application for this type of insurance.

The applications here involved were taken at Still's home by Globe's agent, who was accompanied by Globe's state manager. The agent asked the questions contained in the applications, filled in the spaces provided for the answers and handed the applications to Still, who signed and gave them back to the agent together with money for one year's premium for forwarding to the company. Shortly thereafter the three policies were received in the mail by Still.

Globe's proof was that its agent recorded the answers on the applications precisely as given to him by Still. Still's contrary proof was that when he was asked about other accident and health insurance he told the agent that he had other insurance and named three or four companies. The agent interrupted Still and asked the state manager if it was necessary to put all of the companies'

names in the application. The manager said it was not, so the agent put only the word "Independent" in the answer. Still also denied that the agent asked him whether any other insurer had declined an application made by him or cancelled insurance on him. The agent, however, insisted that the question was asked, that Still responded negatively, and that the agent so recorded the response.

We think the District Court correctly submitted to the jury the question of whether there was a false representation made in the applications concerning what other health and accident insurance Still held, but that it was error to submit to the jury the question of whether there was a false representation in the application for policy No. 84 [2] concerning insurance that was cancelled and applications that were declined by other companies.

■ Under the rationale of Stillson v. Prudential Insurance Company of America, 1947, 202 Ga. 79, 42 S.E.2d 121, whether Still misrepresented, omitted, concealed or incorrectly stated his other health and accident insurance coverage presented a jury question. The jury could, and here obviously did, find that Still gave the agent correct information concerning other health and accident insurance held by him but the agent failed to record it properly and secured the signature of Still by falsely representing to him in the presence of the state agent that the listing of one other company was sufficient, well knowing that Still was insured in a number of other companies. See also Barber v. All American Assurance Co., 1953, 89 Ga.App. 270, 79 S.E.2d 48; George Washington Life Insurance Co. v. Smith, 1954, 90 Ga.App. 459, 83 S.E.2d 302; and National Life and Accident Insurance Co. v. Goolsby, 1955, 91 Ga.App. 361, 85 S.E.2d 611. Cf. Franklin Life Insurance Co. v. State

or contract in as large an amount, or at the premium rate as applied for, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been known to the insurer as required either by the application for

the policy or contract or otherwise. (Acts 1960, pp. 289, 660.)"

2. For convenience the first four digits in the policy numbers are omitted.

Neon Sign Co., 5 Cir., 1964, 329 F.2d 456, cert. den. 379 U.S. 830, 85 S.Ct. 60, 13 L.Ed.2d 39.

With respect to the denial of the cancellation of other insurance and declined applications in the application for policy No. 84, it is uncontradicted that Still signed the application after it had been completed by the agent. He was bound by the answer that there had been no cancellation of insurance or applications declined by other companies. In State Farm Mutual Automobile Insurance Co. v. Anderson, 1963, 107 Ga.App. 348, 130 S.E.2d 144, the insurer denied coverage on an automobile liability policy on the basis that in procuring the policy the insured made a false and material statement denying that he ever had a liability policy cancelled. The insured denied that the agent had asked him the question and also denied that he had made a false statement concerning it. A previous liability policy held by the insured had been cancelled. The court said:

> "One who signs a written document without reading it, unless prevented from doing so by some fraud or artifice * * * is chargeable with knowledge of its contents.

> *   *   *   *   *   *

> "It follows that the insured here is bound by the false answer in the application. Any other holding would vitiate the validity of written instruments."

In Franklin Life Insurance Co. v. State Neon Sign Co., supra, where we were confronted with the same issue as presented here, we held the *State Farm* case to be controlling and in discussing the *ratio decidendi* of *State Farm* said:

> " *   *   *   that notwithstanding the conduct of the agent in failing to ask the question or in improperly recording the answer, where the application is complete when executed, the insured is bound by the untrue answer contained in the application." 329 F.2d at 459.

The evidence in this case is clear that despite the statement on the application Still had, in fact, been cancelled and declined by another company. Under the law of Georgia such a false statement about rejection or cancellation of other insurance is a material misrepresentation and voids the policy as a matter of law. Smith v. John Hancock Mutual Life Insurance Co., 5 Cir., 1957, 249 F.2d 657. Sovereign Camp of W. O. W. v. Reid, 53 Ga.App. 618, 186 S.E. 759, Mutual Benefit Health and Accident Association v. Marsh, 60 Ga.App. 431, 4 S.E.2d 84. It was thus not a proper matter for jury resolution.

It follows that the District Court should have granted Globe's motion for a directed verdict or thereafter granted the motion for judgment notwithstanding the verdict as to the defense interposed on policy No. 84.

Globe attempted to introduce claim forms submitted by Still to another company after the loss to show that with no agent present Still did not list all of the policies held by him. This was for the purpose of impeaching Still's testimony that he always told all agents the amount of the insurance he had but none of them ever put it in the application. Globe claims error in the exclusion of this evidence. We think the inferences sought to be drawn from these exhibits were too speculative. In any event this was an attempt to impeach by contradiction on a collateral matter which is not permitted. American Ins. Union v. Lowry, 5 Cir., 1933, 62 F.2d 209; Head v. Halliburton Oilwell Cementing Co., 5 Cir., 1966, 370 F.2d 545.

Globe also complains that the District Judge made prejudicial remarks during the trial that called for a mistrial. A careful review of the record, especially the judge's explanation to the jury after the matter was called to his attention, shows that the judge exhibited no judicial partiality. He emphasized to the jury that he did not intend any comment made by him to be critical of Globe or any insurance company; that his comment was not intended as an expression

of opinion about liability, and instructed the jury to disregard completely anything said by him. In the full context of what transpired we find no error.

Because of the disposition we have made concerning policy No. 84, we do not reach Globe's asserted error in the exclusion of Still's income tax returns offered to show a material misrepresentation in Still's application concerning his stated earnings.

Reversed and remanded for further proceedings not inconsistent herewith.