**NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY**

v.

**Ross J. WOOD.**

No. C82–1898A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 27, 1984.

---

See also, D.C., 631 F.Supp. 3.

H. Sanders Carter, Jr., Carter, Ansley, Smith & McLendon, Douglas N. Campbell, Mitchell, Loggins, Campbell & Elsberry, Atlanta, Ga., for plaintiff.

Richard P. Decker, Decker, Cooper & Hallman, Robert A. Moss, Atlanta, Ga., for defendant.

### ORDER

MOYE, Chief Judge.

Before the Court in the above-styled civil action are cross-motions for complete or partial summary judgment and a motion to strike the affidavit of Robert O'Brien.

### Part I—Case Background

This is a diversity action involving insurance coverage by Northwestern National Life Insurance Company ["Northwestern National"] of $80,000.00 on the life of Kristofer Lee Wood ["Kristofer"], who died at the age of twenty-two of respiratory failure resulting from muscular dystrophy.

Northwestern National brought this action to rescind a certificate of insurance because of misrepresentations in the application, and in the alternative, to obtain a declaratory judgment that the coverage is void *ab initio* because the insured neither signed the application nor consented in writing to issuance of the certificate. Northwestern National also seeks to recover damages because of fraud, including its expenses of litigation and punitive damages. Ross J. Wood ["Wood"], as beneficiary, filed a counterclaim seeking recovery of the insurance proceeds. Five similar actions are now pending before this Court. *See Guarantee Trust* order, 631 F.Supp. 15.

The Court adopts and incorporates by reference into this order Part I § B of the *Guarantee Trust* order concerning Kristofer's history of muscular dystrophy.

### Part II

### Section A—Standing To Sue

As a preliminary matter, the Court addresses Wood's contention that Northwestern National lacks standing to sue in this case because Wood applied for coverage from North Atlantic Life Insurance Company of America ["North Atlantic"], rather than from Northwestern National.

Northwestern National is a corporation of the state of Minnesota and is authorized to issue group life and health insurance in the District of Columbia and in all states except the state of New York. Northwestern National is the parent company of North Atlantic, a corporation which was organized under the laws of the state of New York and which maintains its principal office in the state of New York. North Atlantic is a wholly-owned subsidiary of

Northwestern National and is authorized to issue group life and health insurance in New York, Connecticut, New Jersey, and Florida. Affidavit of O'Brien, Northwestern National's chief special underwriter.

Northwestern National, under group policy number GL–91018–0 offers coverage to all members of the American Association for the Advancement of Science Group Insurance Trust ["the Association"], residing in all states except New York. Under a similar group policy issued to the Association by North Atlantic, residents of New York could apply for group life insurance coverage by virtue of their membership in the Association.

Application forms were mailed to members by an insurance broker in Chicago who served as third-party administrator for both policies. Members residing in New York were to receive application forms of North Atlantic, and members in all other states were to receive application forms of Northwestern National. Completed applications were returned to the broker and submitted by him to North Atlantic for members residing in New York and to Northwestern National for members residing in all other states. Affidavit of O'Brien.

On April 13, 1981, Northwestern received an application for insurance on the life of Kristofer Lee Wood, age twenty-one, in the amount of $80,000.00. The application was on the form of North Atlantic, presumably because the broker sent that form to Wood by mistake, rather than sending the form of Northwestern National. Affidavit of O'Brien.

In making his argument, Wood simply overlooks the important fact that in response to and in reliance upon the application for insurance, Northwestern National issued a certificate insuring Kristofer's life in the requested amount of $80,000.00. There is no evidence and no contention that Wood attempted to reject the certificate when it was issued. On the contrary, Wood retained the certificate, paid premiums for the coverage evidenced thereby, and has now made a claim under the group

policy. Under these circumstances, the Court concludes that Wood has accepted and ratified the certificate, including the attached application. *See generally, Maddox v. Southern Mutual Life Insurance Association,* 6 Ga.App. 1681, 65 S.E. 789 (1909). Simply stated, Wood cannot claim coverage under the certificate without adopting and ratifying the application which forms an essential part of the contract. As a result, Northwestern National has standing to sue in this case.

### *Section B—Rescission*

In *Wood v. National Benefit Life Insurance Company,* C82–2286A, a similar action, the Court analyzes the applicable law of rescission concerning insurance applications that contain material misrepresentations as alleged in the case *sub judice.* Therefore, the Court incorporates by reference and adopts Part II of the *National Benefit* order, rather than repeating the material herein. Below are the relevant facts of this case and conclusion of this Court.

In the cases at bar, the insurance application contains, among others, the following question:

> Have you, your spouse or dependent child ever had any of the following: ... Other Illness, Disease or Injury?
> Answer: No.

In light of Kristofer's medical history with muscular dystrophy, the answer above is unquestionably false. Wood, the applicant, even concedes on page 119 of his deposition that muscular dystrophy is a disease. In addition, it is beyond dispute that a history of progressively disabling muscular dystrophy is material to the risk assumed by the insurance company providing life insurance. Further, the underwriting standards of Northwestern National and affidavit of Mr. O'Brien show that the application would have been declined had Kristofer's muscular dystrophy been disclosed. (The motion to strike the affidavit of Mr. O'Brien is DENIED for the same reasons a similar motion was denied in

**25**

*Guarantee Trust. See* the *Guarantee Trust* order, footnote 1.)

Based upon the record in this case and the legal standards set out in Part II of the *National Benefit* order, the Court concludes that Northwestern National is entitled to rescind the policy because of material misrepresentations in the application. O.C.G.A. § 33–24–7(b)(2) and (3).

### Section C

Aside from the misrepresentation as to health, Northwestern is entitled to rescind the certificate because the application failed to disclose that a previous application for insurance had been declined. *See Sovereign Lamp of the Woodmen of the World v. Reid,* 53 Ga.App. 618, 621, 186 S.E. 759 (1936). *See also, Smith v. John Hancock Mutual Life Insurance Co.,* 249 F.2d 657 (5th Cir.1957); *Globe Life & Accident Insurance Co. v. Still,* 376 F.2d 611 (5th Cir.1967).

The application asked:

Have you, your spouse or dependent children ever had life or Health Insurance declined ...?

Answer: No.

This answer is false because an application for $20,000.00 of insurance on Kristofer's life was submitted to and declined by the Government Employees Life Insurance Company (now Banner Life Insurance Company) in 1977. The company based its decision upon an Equifax investigation which disclosed that Kristofer was afflicted with muscular dystrophy. Affidavit of R.O. Jennings, Jr., Assistant Vice President and Assistant Secretary of Banner Life Insurance Company.

### Section D

Motions concerning recovery of expenses of litigation and punitive damages are premature at this time for the reasons set forth in Part V of the *Guarantee Trust* order.

### Part III—Conclusion

In summary, the Court makes the following determinations:

(1) that Northwestern National has standing to sue Wood on claims concerning the insurance coverage;

(2) that Northwestern National is entitled to rescind the coverage because of material misrepresentations in the application that violate O.C.G.A. § 33–24–7–(b)(2) and (3);

(3) that Northwestern National is also entitled to rescind the coverage because the application failed to disclose, when asked, that a previous application had been declined;

(4) that the affidavit of Mr. O'Brien satisfies the requirements of Fed.R. Civ.P. 56; and

(5) that a judgment as to recovery of litigation expenses and punitive damages is premature at this time.

For the reasons set out in the body of this order, the Court GRANTS the plaintiff's and DENIES the defendant's motion for summary judgment. The motion to strike the affidavit of Mr. O'Brien is also DENIED.